F. P. CARABILLO CONSTRUCTION COMPANY *v.* COVENANT INSURANCE COMPANY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 2—decision released March 22, 1977

*William R. Moller,* with whom, on the brief, was *Wesley W. Horton,* for the appellant (plaintiff).

*John E. Tener,* for the appellee (defendant).

Longo, J. The plaintiff commenced this action on a fire insurance policy to recover for fire damage to an apartment building it owned. The case was referred to the *Hon. John R. Thim,* state referee, who, exercising the powers of the Superior Court, awarded $10,050.58 as damages to the plaintiff, which was the exact amount conceded to be owing by the defendant. The plaintiff has appealed from the judgment rendered, assigning as error the

finding of and refusal to find numerous facts, especially those relating to specific amounts due the plaintiff, the court's refusal to award the plaintiff interest on the amount of the final recovery, the admission of certain evidence and a mathematical error in the court's computation of the damages.

The plaintiff first assigns as error the allowance by the trial court of recovery for only four months of lost rent amounting to $1200, claiming that the conclusion is unsupported by the evidence. We conclude that the court's award was amply supported by evidence that the plaintiff failed to exercise due diligence in restoring the property to tenantable condition, a prerequisite to compensation for lost rent under the policy.

The plaintiff's principal claims involve disputes over the specific amounts necessary to restore the property to its condition before the fire as required by the policy. At trial, both sides marshaled experts who testified to widely divergent amounts as to damage and the costs of repairs. It was for the court to judge the credibility of the witnesses and to determine the appropriate amounts due in each instance. The acceptance or rejection of the opinions of expert witnesses is a matter peculiarly within the province of the trier of fact and its determinations will be accorded great deference by this court. *Hutensky* v. *Avon,* 163 Conn. 433, 438, 311 A.2d 92. The court's determinations in this case are clearly within the limits of a reasonable evaluation of credibility and a proper allocation of weight to differing expert testimony. The conclusions are further supported by the fact that the court conducted a personal inspection of the damaged premises.

The plaintiff assigns error to the court's refusal to award the plaintiff interest on its ultimate recovery, claiming that it is "unfair" to receive an award in 1976 to make repairs based on 1972 estimates without receiving interest. This argument disregards the facts that the defendant offered, within three months of the fire, to pay the plaintiff the full amount of the subsequent award, and that the defendant renewed this offer by filing an offer of judgment on July 17, 1975, in the amount of the award. Both offers were refused by the plaintiff. We cannot say that the court improperly concluded that the money was not wrongfully detained by the defendant and that the plaintiff was, therefore, not entitled to recover interest. *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374; *Venezia* v. *Fairfield,* 118 Conn. 325, 333, 172 A. 90.

The plaintiff next assigns as error the admission of testimony by one of the defendant's expert witnesses, George Watson. The plaintiff challenges the admission of Watson's testimony on the ground that he did not inspect the premises until two months and five days after the fire and the defendant failed to produce any evidence showing that the property was in substantially the same condition as it had been on the day of the fire. We find that the court's admission of the testimony of Watson was proper. The lapse of time between the fire and the inspection by Watson was not the sole criterion by which admissibility was to be judged. We find that the testimony was admissible because of the safeguards surrounding its introduction. Because of the nature of the damage for which the plaintiff sought compensation, it was possible to ascertain what damage was caused by fire and what damage was caused by vandalism and deterioration. The

plaintiff was protected by his opportunity to cross-examine as to whether the opinion was restricted to fire damage or included other elements of damages. Further, because of the nature of the damages caused by fire, any time lapse would have tended to favor the plaintiff.[1]

Finally, the plaintiff assigns as error the fact that the court made a mathematical error of $8.00 in totaling up the damages due. The error was clearly technical and not substantive and was corrected by the referee before this appeal was heard.

There is no error.

In this opinion the other judges concurred.

---

[1] As pointed out by the defendant, the plaintiff's chief expert inspected the property eight months after the fire.