RONALD K. JOHNSON *v.* JOHN J. HEALY

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, JS.

Argued March 5—decision released April 14, 1981

*Neal B. Hanlon,* for the appellant-appellee (plaintiff).

*George R. Temple,* with whom, on the brief, was *Joseph N. Perelmutter,* for the appellee-appellant (defendant).

PER CURIAM. In *Johnson* v. *Healy (I)*, 176 Conn. 97, 405 A.2d 54 (1978), this court decided that the plaintiff, Ronald K. Johnson, had established a cause of action for innocent misrepresentation against the defendant, John J. Healy. Because of error in the trial court's calculation of the damages resulting from such misrepresentation, we remanded the case for further proceedings limited to the issue of damages. Upon the retrial, the plaintiff was awarded the sum of $2750 in accordance with the standard established in *Johnson* v. *Healy (I)*, supra, 106, "the difference in value between the property had it been as represented and the property as it actually was." Both parties have again appealed.

As we recognized in *Johnson* v. *Healy (I)*, supra, 106, a standard of damages measured by diminution in value "is notoriously more difficult to apply than to state." When damages are difficult to prove, the proponent is required to prove damages with the precision which the facts permit, but no more. *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.*, 183 Conn. 266, 278-79, 439 A.2d 314 (1981); Restatement (Second), Contracts § 366 (Tent. Draft No. 14, 1979). In light of all of the evidence and the pleadings in the whole record, we cannot find clearly erroneous the trial court's factual determination of the damages in this case. *Stelco Industries, Inc.* v. *Cohen*, 182 Conn. 561, 564, 438 A.2d 759 (1980); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221-22, 435 A.2d 24 (1980).

On the plaintiff's appeal seeking higher damages, we find no merit in the argument that the trier was bound to accept the testimony of the plaintiff's expert witnesses. "The acceptance or rejection of

the opinions of expert witnesses is a matter pecu-
liarly within the province of the trier of fact and its
determinations will be accorded great deference by
this court." *F.P. Carabillo Construction Co.* v.
*Covenant Ins. Co.,* 172 Conn. 564, 566, 375 A.2d 1029
(1977); *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d
641 (1952). The trial court correctly refused to con-
sider as a measure of diminution in value the plain-
tiff's proffered evidence of repair costs in excess of
the purchase price of the property being repaired.
*Johnson* v. *Healy (I),* supra, 105–106; *Levesque* v.
*D & M Builders, Inc.,* 170 Conn. 177, 180–82, 365
A.2d 1216 (1976). The trial court did not abuse its
discretion in permitting testimony concerning the
plaintiff's continued occupancy of the property,
subsequent to the date of the misrepresentation,
when the plaintiff's witness had testified that the
property would have been unsaleable had the prob-
lems associated with it been known to a potential
buyer. Questions of relevancy cannot be adjudi-
cated by precise rules of law and must be left to be
determined in each case according to reason and
judicial experience. *Hoadley* v. *University of Hart-
ford,* 176 Conn. 669, 672, 410 A.2d 472 (1979); *Doran*
v. *Wolk,* 170 Conn. 226, 232, 365 A.2d 1190 (1976).
When, as the trial court observed, the fact in ques-
tion was obvious anyway, admission of the evidence
could hardly constitute an abuse of discretion.

On the defendant's appeal, although three issues
are listed in the statement of issues, only one issue
has been addressed in argument in the brief. The
defendant maintains that there was insufficient evi-
dence before the trial court to justify even the
award of $2750. The trial court relied in part upon
the opinion of the defendant's expert witness, but
found his estimate of a $2000 diminution in value

subject to judicial modification because it was somewhat conservative. "In weighing the testimony of an expert, the trier of fact may accept part of the testimony of an expert without being bound by all of the opinion of an expert." *United Aircraft Corporation* v. *International Assn. of Machinists,* 169 Conn. 473, 490, 363 A.2d 1068 (1975), cert. denied, 425 U.S. 973, 96 S. Ct. 2172, 48 L. Ed. 2d 797 (1976); *Uniroyal, Inc.* v. *Board of Tax Review,* 174 Conn. 380, 387, 389 A.2d 734 (1978). The trial court's determination had a sufficient basis in the record as a whole.[1]

There is no error.

---

[1] We note that neither party's brief in this court has responded in any fashion whatsoever to the arguments raised by the opposing brief's appeal or cross appeal. We deplore this lack of responsive briefing.