THE NEW ENGLAND WHALERS HOCKEY CLUB *v.*
MERWIN OWEN NAIR
(2088)

DANNEHY, C.P.J., TESTO and DUPONT, Js.

Argued March 1—decision released May 15, 1984

*Aaron P. Slitt,* for the appellant (defendant).

*Daniel H. Kennedy, Jr.,* for the appellee (plaintiff).

TESTO, J. The plaintiff and the defendant entered into three separate advertising contracts. The defendant is an advertising agent who operates under the name Ad Infinitum from his home. All negotiations relative to these contracts were conducted between the defendant and William Rasmussen, a former employee of the plaintiff. The contracts called for the plaintiff to provide advertising services for a Grinold Auto Parts, Inc.

The first contract, dated February 6, 1976, was for a one eighth sponsorship in ten games in the plaintiff's radio broadcasts for the 1975–1976 hockey season. The second contract, dated February 9, 1976, was for advertising in the Whalers Blue Line Magazine for the 1975–1976 season. The third contract, executed in early April of 1976, was for a one eighth sponsorship in the plaintiff's radio broadcasts for the 1975–1976 season playoffs. The plaintiff fulfilled its obligations under the contracts but was not paid for its services.

The three contracts named "Grinold Auto Parts, Inc.," as the client and each was signed by the defendant. On the first and third contracts, the defendant signed the document over the word "Officer." On the second contract, the defendant signed the document on the line marked "authorized by," and the initials "V.P." were placed next to his name over the word "title." The defendant's home address was used on the

contracts. All bills were sent to the defendant at his home address within a short period after each ad appeared or was broadcast.

This is an action on a debt in which the plaintiff seeks to recover for its advertising services provided to the defendant. The defendant, by way of a special defense, alleged that he was not a principal party to the three contracts, but acted as an advertising agent for Grinold Auto Parts, Inc. The trial court found that the defendant was not an agent of Grinold Auto Parts, Inc., but that he acted as a principal to the contract and, thereby, was personally liable to the plaintiff. Judgment was rendered for the plaintiff in the amount of $7437.50 plus interest from June 18, 1979, the date on which the plaintiff filed an offer of judgment. The defendant appeals.[1]

The defendant assigns as errors[2] essentially (1) that the trial court erred in ruling that the defendant acted as a principal in contracting with the plaintiff; (2) that the trial court erred in ruling that the advertiser, "Grinold Auto Parts, Inc.," was a trade name and not a Connecticut corporation; (3) that the trial court erred in failing to draw an unfavorable inference under the *Secondino* rule from the plaintiff's failure to call William Rasmussen as a witness on its behalf; and (4) that if the trial court's judgment is correct, there is error in awarding the plaintiff interest from the time the plaintiff filed an offer of judgment.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] The defendant has raised five additional issues in his statement of issues. The defendant, however, has not properly briefed any of them. Since counsel has not researched the issues or formulated any legal arguments thereunder, we deem the issues to be abandoned. *Sturman* v. *Socha,* 191 Conn. 1, 3 n.2, 463 A.2d 527 (1983); *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 190 n.3, 470 A.2d 701 (1984); *Schlough* v. *Ruley,* 1 Conn. App. 119, 119 n.3, 468 A.2d 1272 (1983).

# I

The defendant's claim of error that the trial court erred in finding him individually responsible for the debt is without merit. To avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or to make inquiries to discover these facts. *Klepp Wood Flooring Corporation* v. *Butterfield,* 176 Conn. 528, 532–33, 409 A.2d 1017 (1979); *Antinozzi Associates* v. *Arch Fracker Plumbing & Heating Contractor, Inc.,* 39 Conn. Sup. 375, 379, 465 A.2d 333 (1983). Therefore, "where the agent contracts as ostensible principal, regardless of his intention and notwithstanding his lack of personal interest in the consideration, he will be personally liable on the contract as if he were the principal." 3 C.J.S., Agency § 369.

The existence of an agency relationship is a question of fact for the trier. *Botticello* v. *Stefanovicz,* 177 Conn. 22, 26, 411 A.2d 16 (1979). The burden of proving agency is on the party asserting its existence. Id. The trial court had evidence before it that the defendant used his address as the billing address, that all invoices were sent directly to him and each listed an agency commission, that the defendant signed the contracts, that the plaintiff looked to the defendant for payment, that credit was extended to the defendant, and that, in the summer of 1976, the defendant stated that he would pay the outstanding bill.[3] Furthermore, during the trial, the defendant gave no explanation why his signature appeared next to the initials "V.P." or over

---

[3] At this time the defendant's account with the plaintiff was past due. In forebearance of the defendant's statement that he would pay the outstanding amount, the plaintiff did not send the matter to its attorney for collection.

the word "Officer," since he was neither an officer nor a vice-president of Grinold Auto Parts, Inc. An agent who does an act which his principal could not or did not authorize acts on his own responsibility and may be liable to third persons. 3 C.J.S., Agency § 362.

On the basis of the evidence, the trial court reasonably determined that the defendant did not act as an agent. It is the function of the trial court to weigh the evidence and judge the credibility of the witnesses. *Murphy* v. *Dell Corporation,* 184 Conn. 581, 583, 440 A.2d 223 (1981); *Filosi* v. *Hawkins,* 1 Conn. App. 634, 641, 474 A.2d 1261 (1984). Our role is to decide whether the decision of the trial court is clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280, 471 A.2d 651 (1984). We conclude that the decision of the trial court finding the defendant personally liable as a principal to the contract is not clearly erroneous.

## II

The defendant's second claim of error is equally without merit. At the time the contracts were executed, Grinold Auto Parts, Inc., was not the legal name of any corporation in Connecticut. The certificate of authority showed that since March 17, 1965, the owner of these auto supply stores had been R.W. Grinold Realty Company, Inc. During the trial, the defendant offered no plausible explanation as to why he supplied the plaintiff with the name Grinold Auto Parts, Inc., one of the several names under which R.W. Grinold Realty Company, Inc., was doing business. The agent's use of a trade name under which the principal transacts his business is not a sufficient identification of the principal

to protect the agent from personal liability. 3 C.J.S., Agency § 371. We hold that the trial court's finding is not clearly erroneous.

## III

The adverse inference rule is defined as the failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him which failure permits the inference that the evidence of the witness would be unfavorable to the party's cause. *State* v. *Kish,* 186 Conn. 757, 771, 443 A.2d 1274 (1982); *State* v. *Brown,* 169 Conn. 692, 705, 364 A.2d 186 (1975). There are two requirements for the application of the rule referred to as the *Secondino* rule: The witness must be available, and he must be a witness whom the party would naturally produce. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960). "A witness who would naturally be produced . . . is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 343, 422 A.2d 260 (1979), quoting *Secondino* v. *New Haven Gas Co.,* supra. The burden of showing the availability of the witness, however, is on the party seeking the benefit of the inference. *Nichols* v. *Coppola Motors, Inc.,* supra, 342. In the present case the defendant failed to prove that William Rasmussen was available. Accordingly, the trial court correctly concluded that the *Secondino* rule was inapplicable.

## IV

The defendant's final claim challenges the propriety of the interest award from the time the plaintiff filed an offer of judgment. Our Supreme Court has recently addressed this issue and held, in *Gionfriddo* v. *Avis*

*Rent A Car System, Inc.*, 192 Conn. 301, 472 A.2d 316 (1984), that an offer of judgment includes court judgments as well as jury verdicts. Therefore, we find *Gionfriddo* controlling as to this issue.

There is no error.

In this opinion the other judges concurred.