RICHARD P. HAYES *v.* TOWN OF COVENTRY
(2441)

DANNEHY, C.P.J., HULL and SPALLONE, Js.

Argued May 10—decision released July 31, 1984

*Laurence P. Rubinow,* with whom, on the brief, was *Elliot G. Macht,* for the appellant (plaintiff).

*Abbot B. Schwebel,* for the appellee (defendant).

SPALLONE, J. This is an appeal[1] from a judgment rendered by the trial referee in an appeal from a statement of compensation filed by the defendant concerning the plaintiff's property.

The facts may be summarized as follows: On June 26, 1972, the planning and zoning commission of the town of Coventry denied the plaintiff's application for approval of a subdivision plan relating to the plaintiff's property. A similar application filed on June 21, 1973, was also denied by the commission. On October 5, 1981, the defendant filed, with the clerk of the Superior Court in Tolland, a statement of compensation in the amount of $30,000, for the parcel of land owned by the plaintiff. The plaintiff's parcel was approximately 15.1 acres and the taking of the land was for future expansion of the town's landfill. The clerk of the Superior Court issued a certificate of taking on October 29, 1981, and the defendant deposited the sum of $30,000 with the clerk. Upon motion by the plaintiff, the court ordered payment and the plaintiff received the $30,000 deposit.

Thereafter, the plaintiff, pursuant to General Statutes § 8-132, appealed to the Superior Court in the judicial district of Tolland for a review of the statement of compensation. The plaintiff claimed to be aggrieved by the inadequacy of the statement of compensation. The matter was referred to a state trial referee who,

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

after a hearing and exercising the powers of the Superior Court; see General Statutes § 52-434; rendered judgment for the plaintiff in the amount of $43,000, less the $30,000 already paid, together with interest and costs, as set forth in the memorandum of decision.

The plaintiff has appealed claiming that the referee's valuation of the plaintiff's property is not supported by the evidence and, further, that the referee erred in his rulings with reference to evidentiary offers regarding the condemned property.

We disagree with the plaintiff's first claim; there was sufficient evidence to support the award. The plaintiff's appraiser determined the value of the plaintiff's property to be $90,000, regardless of whether the property was to be used as a residential subdivision or as a future site for the landfill. It is within the province of the trier of fact to pass upon the credibility of the witnesses and the weight to be accorded their evidence. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976); *New England Whalers Hockey Club* v. *Nair,* 1 Conn. App. 680, 684, 474 A.2d 810 (1984). Furthermore, it is a fundamental principle that the trial court is in the best position to determine the facts in a given case, to assess the credibility of the witnesses and to weigh their opinions. *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982); *Zolan, Bernstein, Dworken & Klein* v. *Milone,* 1 Conn. App. 43, 46, 467 A.2d 938 (1983).

In condemnation proceedings, the referee is charged with the duty of making an independent determination of the value of the property involved and its fair compensation. *E & F Realty Co.* v. *Commissioner of Transportation,* 173 Conn. 247, 253, 377 A.2d 302 (1977). The referee is not limited to arbitrating the differing opinions of the witnesses, but is to make determinations "in the light of all the circumstances, the evidence, his

general knowledge and his viewing of the premises." *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972); see *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980). He may "accept or reject the testimony of an expert offered by one party or the other in whole or in part." *Richard* v. *A. Waldman & Sons, Inc.,* 155 Conn. 343, 348, 232 A.2d 307 (1967); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 221. In the present case, the referee acted properly in considering the subdivision rejections involved with the plaintiff's property as well as the sale of property comparable to that of the plaintiff, and in determining the weight to be afforded that evidence. The referee acted properly in reaching his conclusion as to the value of the property within the framework of the evidence elicited at the hearing and at a viewing of the property.

The plaintiff further contends that the referee erred in his rulings with reference to the evidentiary offers made by the plaintiff regarding the condemned property. The referee excluded as irrelevant certain evidence offered by the plaintiff. A review of the record and the briefs fails to indicate to this court that the evidence was improperly excluded. Questions of relevancy cannot be adjudicated by precise rules of law and must be left to be determined in each case according to reason and judicial experience. *Johnson* v. *Healy,* 183 Conn. 514, 516, 440 A.2d 765 (1981); *Hoadley* v. *University of Hartford,* 176 Conn. 669, 672, 410 A.2d 472 (1979). The trial court has broad discretionary powers to determine the relevancy or remoteness of the evidence. *Hardisty* v. *Hardisty,* 183 Conn. 253, 257, 439 A.2d 307 (1981); *Filosi* v. *Hawkins,* 1 Conn. App. 634, 640, 474 A.2d 1261 (1984).

In ruling the offered evidence irrelevant, the referee followed the rule repeatedly expressed by our Supreme Court, which has limited the evidence to those factors

in existence on the date of the taking. *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 230 A.2d 9 (1967). Although the zoning rejections occurred prior to the taking, those rulings were in effect and were factors to be considered on the date of the taking. Usually, the date of the taking is the date upon which the condemnor records the certificate of taking. *Stanley Works* v. *New Britain Redevelopment Agency,* supra, 103. The referee did not abuse his discretion in excluding evidence regarding the action of the condemnor prior to the taking, which the plaintiff contended affected the fair market value of the property. Nothing in the record or briefs supports a conclusion by this court that the referee abused his broad discretion in his rulings on the evidence.

There is no error.

In this opinion the other judges concurred.