[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Joseph Pelliccio d/b/a Petroleum Equipment and Supply Co., Inc. of South Windsor and Nicholas Pelliccio, have filed two pleadings titled "Motion to Dismiss Prejudgment Attachment" in which they "move that upon a hearing as required by Connecticut General Statutes section 53-278c this Court dismiss" attachments placed on their real property by the plaintiff on October 30, 1991, and January 28, 1992.
At a hearing conducted on February 10, 1992 as to this case and another case, Branford Savings Bank v. Petroleum Equipment, Docket No. 323546, counsel for the defendants indicated that the motions to dismiss are, in reality, motions to dissolve the attachments on the following grounds: CT Page 1374
1. The plaintiff failed, as to the September attachment, to serve the defendants with notice of their right to seek to dissolve the attachment.
2. The plaintiff enacted the attachments both in September and in January without prior notice to the movants and without a court hearing.
3. The plaintiff has a security interest in real property of the defendants sufficient to secure the debt and has obtained excessive security through its attachments.
4. The plaintiff may not attach the property of Joseph Pelliccio individually as he signed the note relied on only in his capacity as a corporate officer.
The movants have filed no memorandum of law in support of their motions, and the above grounds were raised in oral argument rather than in the text of the pleadings.
Standard of Review
Section 52-278e(c) C.G.S. provides that where a defendant moves to dissolve a prejudgment remedy granted without a hearing, the court shall conduct a hearing at which the burden is on the plaintiff to establish probable cause and that the attachment shall be dissolved if probable cause is not found.
The Connecticut Supreme Court has described in various ways the quantum of proof necessary to establish probable cause. For example, in Ledgebrook Condominium Associates, Inc. v. Lusk Corp.,172 Conn. 577, 584 (1977), the Court indicated that the trial court's role is to "weigh the probabilities," however, the degree of weight required has been left unclear. Because of the Court's indication that a full scale trial on the merits is not contemplated, see Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 156 (1991); New England Land Co. Ltd. v. DeMarkey,213 Conn. 612, 620-21 (1990), it appears that the quantum of proof is less than that required as to a full scale trial, that is, less than a preponderance of the evidence. The United States Supreme Court left this issue undecided in Connecticut v. Doehr,111 S.Ct. 2105,2114 (1991), however it seems advisable to interpret 52-278e(c) as requiring a showing of probable cause to the level found to have satisfied requirements of due process in prior federal cases involving prejudgment deprivation of property. Specifically in Mitchell v. W. T. Grant Co., 416 U.S. 600, 605-6
(1974), the United States Supreme Court found a Louisiana sequestration statute to be constitutional where the required proof was "a clear showing" on the facts presented. This court will, accordingly, require a clear showing as to merits of the CT Page 1375 plaintiff's claim.
The Transaction
The plaintiff's claim is based on nonpayment of a commercial demand note in the amount of $50,000, entered into on January 12, 1990. The note, in favor of the plaintiff, is signed by Joseph L. Pelliccio. No corporate title follows his signature. The borrower is identified as Petroleum Equipment and Supply Co. of So. Windsor, Inc. The text of the note obligates "the undersigned" to pay the note.
Defendant Nicholas J. Pelliccio signed a guaranty of payment of the note.
The text of the note contains the following provision:
II Commercial Transaction; waiver by Borrower
 1. Borrower certifies that this is a commercial transaction.
 2. Borrower represents and warrants to the Bank that all proceeds of this loan are to be used for commercial purposes, and none of such proceeds shall be used for personal, family, household or agricultural purposes.
 3. Borrower expressly waives all rights under Section 52-278a through 52-278g of the Connecticut General Statutes to any notice or hearing prior to obtaining by Holder of any prejudgment remedy in connection with this note, including, without limitation, garnishment, attachment or replevin by the Holder against any property owned or possessed by Borrower.
The plaintiff has demanded payment of both defendants, who have not paid. An attorney for defendant Joseph Pelliccio acknowledged at a meeting concerning the indebtedness that no corporation named "Petroleum Equipment and Supply Co. of So. Windsor, Inc." existed at the time of the loan transaction, and no evidence was presented to establish the existence of such a corporate entity at the time the loan was entered into. A similar name, minus the "Inc.", was used by the defendant Joseph Pelliccio or by another corporation as a trade name, however the existence of a similar trade name does not establish the existence of an actual corporate entity. Joseph Pelliccio expressed confusion as CT Page 1376 to which corporation was in existence at which time.
No evidence was presented to suggest that the $50,000 note was secured by a mortgage. (The existence of mortgages as to the loan at issue in Docket No. 323546 was acknowledged).
Analysis of the Defendants' Claims
On its face, the note contains a waiver of the notice and other requirements of 52-278a-g. The notice specified in 52-278e(b) advising a defendant of his right to move to dissolve an attachment entered without a hearing is one of the notices within the provisions of the statute expressly waived by the signers of the note and the guarantor. Section 52-278f C.G.S. provides that where there has been a waiver of the provisions of 52-278a-g in an action based upon a commercial transaction, the plaintiff "shall issue the writ for prejudgment remedy without securing c court order."
The defendant has not cited any reason or invoked any case law preventing the waiver of the provisions of 52-278a-g from being given effect, and the notice set forth in 52-278e(b) is one of the provisions covered by the text of the waiver. The failure of the plaintiff to provide a notice waived by the defendant is not reason to dissolve the attachment.
The defendant's disclaimer of personal liability is likewise meritless. It has not been shown that there was in existence at the time of the loan a corporation with the name that appears above Joseph Pelliccio's on the note. The burden of proving agency rests on the party asserting its existence. Botticello v. Stefanowicz, 177 Conn. 22, 26 (1979). Where, as here, a party signs a contract allegedly on behalf of a corporate entity, he is personally liable if the corporate entity claimed to be the principal has no legal existence. New England Whalers Hockey Club v. Nair, 1 Conn. App. 680, 683-5 (1984).
The court finds no merit to any of the four grounds identified by the movants. The plaintiff presented the testimony of a representative of the bank to the effect that the $50,000 note remains wholly unpaid and that interest has accrued to the extent of $3303.13 as of February 6, 1992, and that interest and costs of collection will continue to accrue. The court finds that the plaintiff has established probable cause, to the standard discussed above, for its attachment in the amount of $56,510.42. It is, however, entitled to only one attachment, and therefore the second attachment, entered on the land records on or about January 30, 1992, is hereby dissolved. The motion to dismiss/dissolve the attachments entered on the land records on or about October 9, 1991, is denied. CT Page 1377
Beverly J. Hodgson Judge of the Superior Court