[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff objects to the Fact Finder's report on the ground that the Fact Finder improperly found that the defendant Richard Bechard was not acting in an individual capacity when he requested that the plaintiff perform the work in question, P. B. 546H. He criticizes this finding because it, in effect, shifts to the defendant the burden of proving that Bechard was not acting for the corporation.
It is the duty of the trial court in reviewing the report of the Fact Finder to determine whether the evidence supports the findings, Shaw v. Socci, 24 Conn. App. 223. An examination of the evidence in this case reveals that in response to successive invoices which it received from the plaintiff, the defendant Falcon Productions, Inc., wrote and delivered to the plaintiff five separate checks which the defendant negotiated. Each check was signed by the defendant Bechard. Having accepted these checks the plaintiff cannot now be heard to state that he did not know that Bechard was a corporate officer. The identity of the plaintiff was disclosed when the corporation issued its first check at the beginning of the relationship. This is when it should have become apparent that Bechard was acting in a representative capacity for the corporation, New England Whalers Hockey Club v. Nair, 1 Conn. App. 680, 683.
There is nothing in the Fact Finder's report that indicates that he imposed any burden of proof on the plaintiff with respect to this issue. The five checks in question were introduced in evidence by the defendant and not the plaintiff in proof of the defendant's First Special Defense.
The Objection to the report of the Fact Finder is overruled, the report is accepted and judgment may enter in accordance with the report.
MOTTOLESE, J. CT Page 6345