[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 104
On July 7, 1994, the plaintiff, Margaret R. Greenwood, filed a two count complaint against the defendant, Litton Mortgage Servicing Center (Litton). Count one of the complaint alleges a violation of General Statutes § 48-8(c) and breach of contract with respect to Litton's failure to furnish Greenwood with releases for two mortgages encumbering Greenwood's home at 29 Westfield Road, Milford, Connecticut after the debt those mortgages secured was repaid in full. CT Page 1376
Count two of the complaint alleges a violation of General Statutes § 42-110(b) et seq., the Connecticut Unfair Trade Practices Act (CUTPA). Greenwood maintains that she is entitled to statutory damages as well as damages related to the distress caused by the deprivation of funds contained in an escrow account established at the time of the sale of Greenwood's home.
On November 1, 1994, Litton filed the present motion for summary judgment as to both counts of the complaint. In its motion, Litton asserts that: (1) it is not subject to the provisions of § 49-8(c) because Litton is not a "mortgagee" under the statute; (2) it is not a party to the mortgage and therefore is not subject to the mortgage agreements the terms of which Greenwood claims Litton breached; and (3) Greenwood is unable to establish any wrongdoing on the part of Litton that would constitute a CUTPA violation.
In support of its motion, Litton has filed a memorandum of law, an affidavit of Dee Anne Williams, Vice President of BISYS Loan Services f/k/a Litton Mortgage Service Center, copies of one of the subject mortgage agreements and the corresponding note, a copy of the assignment of that mortgage from Jefferson Federal Savings and Loan Association to Carteret Savings and Loan Association, copies of land records from the Town of Milford and a copy of a mortgage discharge relating to one of the subject mortgages. In opposition to Litton's motion, Greenwood has filed a memorandum of law, an affidavit of Robert Kapusta, Greenwood's attorney, an affidavit of Dolores Mastroni, a paralegal at Kapusta's law firm, and various correspondence between Kapusta and Litton and its attorney.
Pursuant to Practice Book § 384, summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 103, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted internal quotation marks omitted.) Id., 105. "In ruling on a motion for CT Page 1377 summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Cortes v. Cotton, 31 Conn. App. 569, 571,626 A.2d 1306 (1993).
With respect to Greenwood's breach of contract claim contained in count one of Greenwood's complaint, Litton argues in its memorandum of law that it was not a party to the mortgage agreements and hence is not bound by their terms. "[A] contract cannot be enforced against a defendant who is not a party to the contract." Owen C. Little Sons, Inc. v. Beizer, Superior Court, Judicial District of New Haven at New Haven, Docket No. 34 31 99, (July 21, 1994, Martin, J.); see also Reynolds v. Owens,34 Conn. Sup. 107, 110 (Superior Court, 1977, Burns, J.). Nevertheless, Litton could be subject to the terms of the mortgage in Litton's capacity as agent for Carteret Federal Savings Bank (Carteret) or some previous assignee of the mortgages.[1] "[A] disclosed and known agent cannot be liable to a third party . . . unless: (i) the third party does not know that the purported agent is actingfor an undisclosed principal; . . . or (ii) where an agent commits a tort." (Emphasis added.) AC Corp. v. Dinan, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 25 92 54 (January 24, 1992, Lewis, J.). Furthermore "[i]t is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal." Klepp WoodFlooring Corp. v. Butterfield, 176 Conn. 528, 532, 409 A.2d 1017
(1979). Therefore "where the agent contracts as ostensible principal, regardless of his intention and notwithstanding his lack of personal interest in the consideration, he will be personally liable on the contract as if he were the principal."New England Whalers Hockey Club v. Nair, 1 Conn. App. 680, 683,474 A.2d 810 (1984).
In the present case, Greenwood has sued Litton for breach of the terms of the mortgage agreements which provide that the lender shall release the mortgage upon satisfaction of the debt secured by the mortgages.[2] Although Litton did not contract for these mortgages on behalf of the original mortgagee or subsequent assignees, the affidavit of Margaret Greenwood, submitted in opposition to the Litton's motion, allows a reasonable inference that Litton played a significant role in performing the terms of the mortgage payment.[3] Neither party has addressed whether Carteret, was a fully disclosed, partially CT Page 1378 disclosed or undisclosed principal at the time of the request for the releases. The same principle that fixes liablity [liability] on an agent for breach of contract entered into by the agent where the principal is undisclosed or partially disclosed should apply where an agent performs a significant measure or the contract's terms and the principal is undisclosed or partially disclosed. Therefore, a genuine issue of material fact exists as to whether the mortgagee was a disclosed or partially disclosed principal, and hence whether Litton, as the mortgagee's agent, is liable pursuant to the terms of the contract. The court finds, that the complaint and other submitted materials relied on by this court, when viewed most favorably to Greenwood, raise a genuine issue of material fact whether Litton acted as Carteret's agent for the purpose of performing the day-to-day administrative functions for at least one of the subject mortgages. Moreover, "[o]rdinarily, the question of agency is one of fact to be determined by the trier of fact." West Haven Sound DevelopmentCorp. v. West Haven, 201 Conn. 305, 311, 514 A.2d 734 (1986).
Litton also argues that summary judgment should be granted as to count one of Greenwood's complaint because Litton was never the mortgagee for either of the mortgages at issue, and hence is not subject to the provisions of General Statutes § 49-8.[4]
However, the court need not address the applicability of § 49-8 because the claim for relief pursuant to that statute is contained in the same count as the claim for breach of contract addressed above. A defendant cannot "`obtain summary judgment against a plaintiff to eliminate some but not all of the allegations of a single count of [a] complaint.'" Hermann v.Stamford, 2 Conn. L. Rptr. 817 (July 21, 1992, Nigro, J.), quoting Schofield v. Bic Corp. , 3 Conn. L. Rptr. 229 (January 31, 1991, Fuller, J.). "Thus, absent an exception to the general rule in accordance with [Practice Book] § 386, summary judgment may not be granted on a count of [a] complaint unless all the causes of action in that count have been addressed." Id. Hence, if Litton's motion for summary judgment is denied as to the breach of contract claim in the first count of the complaint, summary judgment cannot be granted with respect to the statutory claim also contained in the first count.
Litton further argues that summary judgment should be granted as to count two of the complaint, which alleges a CUTPA violation, because Greenwood has failed to demonstrate any wrongdoing or cause of action on the part of Litton in her first count. As this court has denied the motion for summary judgment CT Page 1379 judgment on the first count, the claim that summary should be entered on the second count based solely upon arguments raised concerning the first count, must be rejected.
The motion for summary judgment is denied as to both counts.
LAWRENCE L. HAUSER, JUDGE