[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 12, 1997, a hearing was held in this case in connection with plaintiff's application for an order granting a prejudgment remedy in the amount of $16,000, and plaintiff's Motion for Disclosure of Assets dated March 27, 1997.
Following the hearing, on May 12, 1997, the undersigned judge granted the motion for disclosure and granted the application for a prejudgment remedy "as to Kagan Architects and Planners, only."
Pursuant to a May 13, 1997, Motion for Clarification, plaintiff requested clarification of the court's orders. In response, defendant filed a May 15, 1997, memorandum bringing to the Court's attention the case of Metro Bulletins Corporation v.Louis Soboleski, 30 Conn. App. 493 (1993).
Oral argument was held on June 2, 1997.
As indicated on June 2, 1997, I have now reviewed a record of the transcript of the hearing, again reviewed the exhibits introduced at the hearing, and considered the arguments made in connection with this matter, including arguments relating to the applicability of the Metro Bulletins case, as well as other cases previously cited. These other cases include Diamond Match Co. v.Crute, 145 Conn. 277 (1958), and The New England Whalers HockeyClub v. Merwin Owen, 1 Conn. App. 680 (1984).
As I stated in court on June 2, 1997, I have concluded that my initial orders were entered as a result of my mistaken understanding of the facts presented, and arguments made, at the hearing. I apologize for any inconvenience this may have caused. In light of the full record, and viewing the pending motion for clarification as a motion for reconsideration, I conclude that both of my previous orders must be vacated. In light of MetroBulletins, viewed in the context of the full record, I conclude, taking into account any defenses which may exist, that plaintiff has failed to demonstrate that there is probable cause to conclude that a judgment will be rendered in the amount sought against Gerald Kagan, the individual. See Connecticut General Statutes Section 52-278 et seq. The application for a prejudgment remedy, and the motion for disclosure of assets, are both therefore denied. CT Page 6388
This decision should not be interpreted to suggest a view a to whether an action against any of the entities with which Mr. Kagan has been associated would be meritorious.
Douglas S. Lavine, Judge, Superior Court