[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiff's application for a prejudgment remedy attachment on real estate. In order to resolve this matter, the court makes the following findings of fact.
From February 1999 to April 1999, the plaintiff, City Fish Market, sold seafood to Captain's Galley Restaurant in Orange, Connecticut. During this time period, the restaurant was owned and operated by defendant Carmen Rapolla. Also during this time period, co-defendant, Elizabeth Rapolla, was the ex-wife of Carmen Rapolla and an employee of the restaurant. The invoices issued by the plaintiff indicate that the seafood was delivered to "Captains Galley-Org" and was sold to "Carmen and Elizabeth Rapolla". The plaintiff was paid for merchandise it delivered in February, 1999 with a check signed by defendant Elizabeth Rapolla and drawn on the account of "T.E.C. Restaurant Assoc. LLC". The plaintiff was not paid for products sold from March 15, 1999 to April 3, 1999.
The information establishing the account with the defendants was provided by a salesperson of the plaintiff. According to the records maintained by the plaintiff, the account was opened for both Carmen and Elizabeth Rapolla. The account profile, a CT Page 10943 document required by the plaintiff in order to establish the account, was signed only by Carmen Rapolla. It was the salesperson (who did not testify during the hearing) who indicated that the account should be billed to "Mr. and Mrs. Rapolla." There is no dispute that, at all times pertinent to this matter, the defendants were not married.
When the invoices, addressed to "Elizabeth and Carmen Rapolla", arrived they were signed for by various unidentified employees of the restaurant. Elizabeth Rapolla, in her role as the bookkeeper, had access to the bills. Neither Elizabeth nor Carmen Rapolla informed the plaintiff that Elizabeth was not an owner, principal or officer of the business. Neither of the defendants corrected the improper billing information. Neither defendant protested that the product should not be billed to Carmen and Elizabeth Rapolla but to Carmen Rapolla.
The plaintiff seeks to attach property owned by Elizabeth Rapolla. There is no dispute that the property in issue belongs to Elizabeth Rapolla and not Carmen Rapolla. The only issue for this court to resolve is whether the plaintiff may attach property owned by Elizabeth Rapolla, who was not an owner, officer or principal of the company which accepted delivery of seafood from the plaintiff merely because her name appeared on the invoices from the plaintiff.
The principal issue for this court to decide is whether there is probable cause to believe that the plaintiff will be able to establish the existence of an implied contract with defendant Elizabeth Rapolla. For reasons more fully set forth below, this court must deny the plaintiff's application.
Had the property in issue belonged to Carmen Rapolla. the outcome of this application would no doubt be different. There is no question that he is the owner/operator of the restaurant. There is no question that he signed the account profile which is contained in the files of the plaintiff.
However, aside from the check issued to the plaintiff to pay for product which was delivered in February, there are no documents signed or issued by Elizabeth Rapolla. Further, there are no documents indicating her intention to be bound by the debt of the restaurant. Elizabeth Rapolla is clearly an agent of the restaurant. She did not enter a contract with the plaintiff, on her own or on behalf of the restaurant. What she did was fail or CT Page 10944 neglect to correct misinformation that was on the invoice issued by the plaintiff. This court deems this failure to act insufficient to create in Elizabeth Rapolla a legal duty to assume responsibility for the debt of the restaurant for which she worked.
The law in Connecticut is that "where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract." Murphy v. DellCorp. , 184 Conn. 581, 582, 440 A.2d 247 (1958). When a representative acts in such a way as to leave the impression with another that he/she is entering the contract, then the representative is bound by those actions. New England WhalersHockey Club v Nair, 1 Conn. App. 680, 683, 474 A.2d 810 (1984). "To avoid personal liability it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or to make inquiries to discover these facts." New England Whalers, supra,1 Conn. App. 683. Representation of authority to enter contractual agreements and the failure to inform the other party of the true identity of the contracting party will render an agent personally liable. Conn. Limo. Serv., Inc. v Powers, 7 Conn. App. 398,508 A.2d 836 (1986) (The defendants, Powers and Barbieri were listed as the owners of a travel agency which had a contract with the plaintiff; they failed to disclose that the contract was really with another corporation for which they were just agents.)
The operative word in these cases is "act." Each of the agents in the preceding cases took affirmative action to assume contractual liability.
In the instant case, there is no evidence that defendant Elizabeth Rapolla took any such actions. She did not contact the plaintiff to create the account. She did not submit information to open the account. There is no evidence that Elizabeth Rapolla entered a contract with the plaintiff.
Absent an affirmative action by Elizabeth Rapolla, this court cannot conclude that there is probable cause to believe that she contracted with the plaintiff on behalf of the restaurant; nor is there probable cause to believe that an implied contract with her will be proven to exist. There is no law to support the conclusion that signing a check to pay a bill indicates a desire or willingness to enter a contract. The fact that the defendant CT Page 10945 did not correct the misinformation on the invoice is somewhat disturbing. However, given that she had no reason to believe that she had entered a contract with the plaintiff, this fact alone is insufficient to hold her personally liable. Therefore, the application for the prejudgment remedy attachment of the property of Elizabeth Rapolla is denied.
Angela Caroll Robinson, Judge, Superior Court