[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action on a debt, in which the plaintiff, Milford Auto Supply, claims that it sold various automotive parts to the defendant, Eugene Valinsky, for which the defendant has not paid.
The defendant has interposed a special defense that his business was a corporation (Valinsky Brothers, Inc., dome business as Naugatuck Avenue Shell) ; and that he never assumed liability for the corporate debt.
 FACTS
After hearing the evidence, the court finds the following facts. For approximately three years, from 1996 through 1999, the plaintiff supplied automotive parts to defendant's business, Naugatuck Avenue Shell, a service station. Plaintiff Milford Auto Supply is a limited liability corporation run by Frederick Broderick and his father. Approximately four years ago, they solicited defendant's business to become the supplier of parts to Naugatuck Avenue Shell. Plaintiff claims defendant told them he owned the business, and that it was a sole proprietorship. Defendant denies saying the business was a sole proprietorship. When soliciting the business, defendant gave plaintiff his business card in the name of Naugatuck Avenue Shell with "Gene John Valinsky"names and address listed. (Pl. Exh. 1). In fact, Naugatuck Avenue Shell is the trade name for a closely held corporation: Valinsky Brothers, Inc. The business was incorporated in June of 1992 (Def. Exh. C), and filed a trade name certificate in the City of Milford for Valinsky Brothers, Inc. d/b/a Naugatuck Avenue Shell on March 17, 1993. (Def. Exh. D) . Defendant claims he informed plaintiff of the corporate status by showing him his Connecticut Tax Registration number, which is issued to Valinsky Brothers, Inc. (Def. Exh. E)
Although plaintiff was aware that Naugatuck Avenue Shell was a d/b/a or trade name, plaintiff denies any knowledge that Naugatuck Avenue Shell was the trade name for a corporation. No contracts or credit agreements were ever requested by plaintiff or signed by defendant. Plaintiff CT Page 547 checked defendant's references by making telephone calls to his prior suppliers. All business was conducted using the business' trade name "Naugatuck Ave. Shell". In practice, defendant would call in for parts, the parts would be delivered addressed to "Naugatuck Avenue Shell" and defendant would sign for the parts or initial the delivery slips, and then a monthly statement would issue to "Naugatuck Avenue Shell". (Pl. Exhs. 2 and 3). It is undisputed that these statements were paid for by corporate check from "Valinsky Brothers, Inc., d/b/a Naugatuck Ave. Shell" and signed by defendant. (Def. Exh. A)
In 1999, the business went under, and defendant turned any remaining assets over to Shell Corporation. At that time, the outstanding liability to plaintiff from Naugatuck Avenue Shell was $5,299.19, consisting of $5,231.29 parts and $67.90 finance charge. (Pl. Exh. 2)
 DISCUSSION
Where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract.Conn. Limousine Service, Inc. v. Powers, 7 Conn. App. 398, 401-2 (1986) . The burden of proving agency is on the party asserting its existence.Robert T. Reynolds Associates, Inc. v. Asbeck, 23 Conn. App. 247, 251
(1990) . "To avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or to make inquiries to discover these facts. . . . Therefore, where the agent contracts as ostensible principal, regardless of his intention and notwithstanding his lack of personal interest in the consideration, he will be personally liable on the contract as if he were the principal." Robert T. Reynolds Associates, Inc., supra at 251, quoting from New England Whalers Hockey Club v. Nair, 1 Conn. App. 680
(1984). Payments by corporate check are not considered sufficient notice to the plaintiff of a corporate existence. Diamond Match Co. v. Crute,145 Conn. 277, 278-9 (1958) and Connecticut Limousine, supra at 402.
However, in this case, the invoices were addressed to Naugatuck Avenue Shell, the business name, and not defendant individually, and were paid by the corporation. Further, defendant has shown proper filing of a certificate of trade name, which constitutes constructive notice of the identity of the principal. In Metro Bulletins Corp. v. Sobileski,30 Conn. App. 493 (1993), the Appellate Court held that the mandated disclosure of Conn. Gen. Stat. § 35-1 of Trade Name Filing is "intended for the protection of creditors," citing Wofsey v. New York Stamford Ry. Co., 106 Ccnn. 254, 258 (1927). The court further held that because the certificate of trade name was filed before the parties entered into their contract, the plaintiff had constructive notice of the CT Page 548 corporate principal's identity at the time of contract and was thus barred from instituting suit against the individual defendant. MetroBulletins, supra, 501. Here, plaintiff knew it was dealing with a d/b/a or trade name "Naugatuck Avenue Shell" and had both actual and constructive notice of the corporate ownership or identity of the corporate principal such that the defendant is shielded from personal liability.
Accordingly, the court finds the issues for defendant and judgment may enter in his favor.
So ordered.
The Court
By Sequino, J.