NATHAN PIERCE *vs.* CHARLES S. JOHNSON AND ANOTHER.

Where goods are sold to *A* and *B*, who in fact purchase them in behalf of a well known firm of which *B* is a member, but of which fact, as also of the existence of the firm, the vendor is ignorant, *A* and *B* are liable for the goods.

ASSUMPSIT for cattle sold to the defendants; brought to the superior court in Litchfield county and tried on the general issue closed to the court before *Hall, J.* The court found the following facts and made the finding a part of the record.

Charles B. Johnson, one of the defendants, and Bennett H. Johnson, at the time of the transaction in question were, and for many years had been, partners in the butchering business in the city of New Haven, under the name of C. & B. Johnson, with a sign with that name upon it fixed in a conspicuous place upon the front of their shop. They were sons of the other defendant, Charles S. Johnson, who was not a member of the copartnership and had no interest in it. On the 26th of December, 1864, the plaintiff, who resided in Woodbury in Litchfield county, sold at Woodbury to Charles S. Johnson and Charles B. Johnson, the defendants, a pair of fat oxen for $206, upon credit, relying mainly upon the pecuniary responsibility of Charles S. Johnson, as Charles B. had little visible property. The purchase was made by them in

fact for the firm of C. & B. Johnson and for its exclusive benefit, but the plaintiff did not know this fact nor did he know of the existence of such a firm.

On these facts the court rendered judgment for the plaintiff, and the defendants brought the record before this court by motion in error.

*Cothren*, for the plaintiffs in error.

*E. W. Seymour* and *Huntington*, for the defendant in error.

McCURDY, J. In this case the facts appearing in the motion are that the plaintiff sold a yoke of oxen to the defendants, Charles S. Johnson and Charles B. Johnson. The purchasers intended them for said Charles B. and his brother Bennett H. Johnson. But this fact was not disclosed by the purchasers to the plaintiff nor was it known by him. The sale was directly to the defendants and to them alone. They therefore are bound to pay the price as they agreed.

It would be a monstrous principle that a person buying an article in his own name and on his own credit could screen himself from liability for payment upon the ground that he had bought it under a secret understanding that he was the agent of a bankrupt. 1 Swift Dig., 330.

There is nothing erroneous in the judgment.

In this opinion the other judges concurred.