## THE FREDERICK RAFF COMPANY *vs.* FERDINAND O. GOEBEN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 3d—decided December 27th, 1932.

*A. Storrs Campbell,* for the appellant (defendant Goeben).

*John L. Collins,* for the appellee (plaintiff).

Avery, J.  The issue in this case was whether the defendant was liable for certain material and services furnished by the plaintiff for a house being constructed by The Pine Forest Realty Company, a corporation organized by him, and whose agent he was in the construction of the house.  The negotiations for the material and services were carried on by the defendant with the vice president of the plaintiff, who had previously dealt with him as an individual and was familiar with his reputation and credit rating. The defendant did not at any time inform the plaintiff that he was acting for the Realty Company; the plaintiff believed the company was a trade name used by him and did not know it as a corporation or that it was dealing with anyone but the defendant.  The Realty Company had no credit rating and no credit would have been extended to it by the plaintiff.  The defendant, about the same time, bought supplies from the plaintiff for another house not owned by the Realty Company which were charged to and paid for by him.  He had previously bought supplies for another house owned by the Realty Company which had been charged to him, but the check in payment for which was that of the company.  While he had begun negotiations with the plaintiff for the material and supplies involved in this action and it had submitted an estimate to him, the defendant had written a letter to it saying the estimate was too high and this letter bore the typewritten signature of the Realty Company.

The real claim of the defendant is that because the prior purchase of the supplies which were placed on the other house owned by the Realty Company was paid for by a check of that company, and the further fact that the letter advising the plaintiff that its estimate for the supplies in suit was too high was signed by the Realty Company, these circumstances constituted sufficient notice to the plaintiff that the defendant was acting merely as agent; that the contract for the supplies was being made for his principal, the Realty Company; and that, therefore, the defendant was not liable to pay for them. If the law were so that a duty is imposed upon a person dealing with one who may be an agent of another to ascertain whether or not the person with whom he deals is so acting, the claim of the defendant would be sound, but the rule of law is otherwise. "It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another." 2 C. J. 816; *Johnston* v. *Allis,* 71 Conn. 207, 215, 41 Atl. 816; *Merrill* v. *Kenyon,* 48 Conn. 314, 318; *Hall* v. *Bradbury,* 40 Conn. 32, 37. If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him. 21 R. C. L. 895. Under the circumstances, we cannot hold that the trial court might not reasonably reach the conclusion that the check and letter signed by the Realty Company were insufficient to put the plaintiff upon notice that the defendant was acting merely as agent for it.

There is no error.

In this opinion the other judges concurred.