DIAMOND MATCH COMPANY *v.* HENRY D. CRUTE ET AL.

BALDWIN, DALY, KING, MURPHY and MELLITZ, Js.

Argued April 3—decided April 29, 1958

*Robert C. Zampano,* with whom was *Joseph J. Mager,* for the appellants (defendants).

*Gerald C. Mitchell,* for the appellee (plaintiff).

MURPHY, J. The issue in this case was whether the named defendant, hereinafter referred to as the defendant, was liable for the balance due on certain materials furnished by the Southington Lumber Company, a wholly owned subsidiary of the plaintiff, in the construction of a group of houses by Henry

D. Crute and Associates, Inc., a corporation of which the defendant was president and treasurer and the general supervisor and agent in the building of the houses.

Pursuant to a telephone order, the plaintiff made its first delivery of lumber in early October, 1954. Shortly after this delivery, the manager of the plaintiff's Southington branch interviewed the defendant at the construction project and invited him to visit the plaintiff's office to establish credit. The defendant gave three credit references, one of which, a bank, the manager telephoned. As a result of this meeting, an account was set up in the name of the defendant, who agreed to pay the bills by the tenth of each month following delivery and take his discount. From October 4, 1954, to April 19, 1955, the plaintiff made 162 deliveries to the project. An invoice or delivery slip accompanied each order. Each invoice was made out to the defendant. An employee of the corporation signed each invoice, acknowledging delivery. A duplicate invoice was sent to and received by the defendant. Monthly statements were mailed to his home, which was also the office of the corporation. They were made out to him personally. Payment for $23,000 worth of the materials delivered was made by seven corporate checks signed by the defendant as treasurer. At no time prior to suit did the defendant or any other officer or agent of the corporation inform the plaintiff that the materials were ordered for, or were to be charged to, the corporation. There is a balance of $2012.04 due on the account.

It is the defendant's contention that the payment by corporate checks was sufficient notice to the plaintiff that the materials were purchased on behalf of the corporation and that the defendant is not per-

sonally liable. To this we cannot agree. The defendant made no attempt to have the plaintiff charge or bill the corporation instead of himself. He admitted that he was fully aware that all the invoices and bills were made out to him and yet he made no protest until after financial difficulties arose and the plaintiff had instituted suit against him in July, 1955. The conclusion of the court that credit was extended to him and not to the corporation is amply supported by the facts found. " 'It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another.' . . . If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." *Frederick Raff Co.* v. *Goeben,* 116 Conn. 83, 85, 163 A. 462; *Caliendo* v. *Catania,* 127 Conn. 66, 70, 14 A.2d 752.

The trial court should not have included in the finding, though in parentheses, the reference to the certificate of attachment by another creditor which was offered to prove an alleged fraudulent conveyance of property by the defendant to his wife. To determine the admissibility of the certificate, it was necessary for the court to examine the document. Otherwise, it could not competently rule upon the objection. The certificate was submitted to the court with the consent of defense counsel upon an issue not involved in this appeal. The matter in parentheses in paragraph 36 of the finding is stricken.

The only other assignment of error which requires comment pertains to a ruling on evidence. Unfortu-

nately, the finding leaves much to be desired and fails properly to present the ruling in question for review by this court. The ultimate responsibility for a proper finding and record is on the trial court. Practice Book § 391. When counsel fail to submit proper drafts of a finding, the court must, nevertheless, prepare a finding which adequately presents the facts necessary to enable this court to review such questions of law as are distinctly stated in the request for finding pursuant to § 389 of the Practice Book. Because of the inadequacy of the finding, we have chosen to examine the appendices to the briefs and the transcript of evidence. Practice Book § 448; Maltbie, Conn. App. Proc., § 131. These show, although the finding does not, that no harmful error was committed.

There is no error.

In this opinion the other judges concurred.