KLEPP WOOD FLOORING CORPORATION *v.*
RICHARD D. BUTTERFIELD ET AL.

LOISELLE, BOGDANSKI, LONGO, PETERS and SIDOR, Js.

Argued November 13, 1978—decision released January 30, 1979

*Bruce W. Manternach,* with whom, on the brief, was *Eric Lukingbeal,* for the appellants (defendants).

*Irving B. Shurberg,* for the appellee (plaintiff).

SIDOR, J.   This is an action brought to recover for goods sold and delivered by the plaintiff at the request of the defendants.   The plaintiff was in the business of installing wood flooring, primarily in school gymnasiums.   The defendants comprise an architectural firm.   On November 1, 1969, the defendants entered into a contract for architectural services with William Thal, the owner of Litchfield Preparatory School, which was to be altered and expanded.   Thereafter, the defendants sent a letter, dated September 9, 1970, inviting the plaintiff to bid on the flooring for the expanded facility.   In a letter dated September 15, 1970, the defendants informed the plaintiff that its bid of $18,023.75 had been accepted and authorized the plaintiff to proceed with the installation of flooring for the Litchfield Preparatory School gymnasium.   No formal contract was ever forwarded to the plaintiff.   On or before June 22, 1971, the plaintiff delivered to the job site maple flooring valued at $7500.   The remainder was delivered thereafter bringing the total price to $12,000.   Invoices for these goods were sent to the defendants.   On September 2, 1972, the plaintiff retrieved 2000 square feet of flooring from the school and credited the defendants' account in the amount

of $1780. All bills for services and materials provided by the plaintiff were sent directly to the defendants. No payment has yet been made or received.

The trial court found, in part, as follows: the defendants, who were architects practicing under the name of Butterfield and Associates, took on duties not ordinarily those of an architect, but rather those of a general contractor; the defendants were acting at all times as agents for William Thal, as the owner of Litchfield Preparatory School; the defendants did not disclose to the plaintiff, until after the delivery of the material in question, that William Thal was the owner of the school; the defendants were at no time acting on behalf of Litchfield Preparatory School, Inc.; the plaintiff relied upon the defendants' reputation and expected payment from the defendants as promised.

The defendants filed a special defense alleging that the agency relationship was sufficiently disclosed to the plaintiff and that, consequently, they were relieved of all liability under the contract. Nevertheless, judgment was rendered in favor of the plaintiff. The defendants appealed, claiming error (1) in the trial court's refusal to include certain facts in the finding, (2) in the trial court's finding as unsupported by the evidence, (3) in certain conclusions reached by the trial court, and (4) in the trial court's overruling of the defendants' claims of law.

In their first claim of error the defendants attack the trial court's refusal to find certain facts set forth in their draft finding. As to any finding concerning which error is assigned, this court may correct the finding if it concludes that such facts were admitted

or undisputed but have not been found. Practice Book, 1978, § 3039; *Jennings* v. *Reale Construction Co.,* 175 Conn. 16, 17, 392 A.2d 962 (1978). " 'To secure an addition on this ground, it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed.' " *Heath* v. *Commissioner of Transportation,* 175 Conn. 384, 385, 398 A.2d 1192 (1978); *Jennings* v. *Reale Construction Co.,* supra, 18. No material admissions or concessions have been pointed out to us. That a witness testified to a fact without direct contradiction is not in itself sufficient to show that the fact was admitted or undisputed. *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619 (1969). The question of credibility is for the trier. Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to determine the credibility of that evidence. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123 (1965). That determination will not be disturbed on appeal. Other facts sought to be included are not material to the issues in the case and the trial court is not required to include them in its finding. *Yale University* v. *New Haven,* 169 Conn. 454, 463, 363 A.2d 1108 (1975). Consequently, the finding of the trial court is not subject to amendment.

The defendants assign error in certain facts as having been found without evidence. This contention is without merit. "The validity of such a claim is tested by the evidence printed in the appendices to the briefs." *Jennings* v. *Reale Construction Co.,* supra, 18. There is ample testimony contained

therein to support the findings of the trial court. "The finding serves the purpose of showing the conclusions reached by the trial court upon conflicting testimony which, if reasonably reached, must be accepted." *State* v. *Skinner,* 132 Conn. 163, 166, 43 A.2d 76 (1945).

In their third assignment of error, the defendants attack the trial court's conclusions as based upon unsupportable subordinate facts. The trial court concluded that if the defendants were to avoid liability it was incumbent upon them to disclose both their representative capacity and the identity of their principal. This they failed to do. The trial court also refused to impute knowledge of the agency relationship to the plaintiff. The conclusion of the trial court will not be upset if there is sufficient evidence to support its finding of subordinate facts and if its conclusions are reasonably drawn from its finding. *National Broadcasting Co.* v. *Rose,* supra, pp. 222–23. As stated above, the record before us discloses sufficient support for the finding made by the trial court.

In their fourth and final assignment of error, the defendants assign error in the court's overruling of certain claims of law made in their draft finding. The essence of the defendants' claim is that the circumstances and nature of the transaction in issue were sufficient to impute to the plaintiff knowledge of both the defendants' agency capacity and the identity of their principal. It is clearly the law of this state that " '[i]t is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as

the person dealt with is not bound to inquire whether or not the agent is acting as such for another.' 2 C.J. 816; *Johnston* v. *Allis,* 71 Conn. 207, 215, 41 Atl. 816; *Merrill* v. *Kenyon,* 48 Conn. 314, 318; *Hall* v. *Bradbury,* 40 Conn. 32, 37. If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." *Raff Co.* v. *Goeben,* 116 Conn. 83, 85, 163 A. 462 (1932); *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 279, 141 A.2d 247 (1958); *Caliendo* v. *Catania,* 127 Conn. 66, 70, 14 A.2d 752 (1940). We cannot disturb the trial court's conclusion, reasonably drawn from the facts as found, that knowledge of the place of delivery was insufficient to put the plaintiff on notice that the defendants were acting as an agent for some third party.

There is no error.

In this opinion the other judges concurred.