EUGENE MURPHY *v*. DELL CORPORATION ET AL.

BOGDANSKI, C. J., SPEZIALE, PETERS, HEALEY and PARSKEY, Js.

Argued June 5—decision released July 7, 1981

*James Kelly,* with whom, on the brief, was *James M. Marinelli,* for the appellant (defendant Robert J. DeLisa).

*Jefferson D. Jelly,* with whom were *Ronald A. Stone* and, on the brief, *Raynald B. Cantin,* for the appellee (plaintiff).

PER CURIAM. The defendant Robert J. DeLisa has appealed from a judgment holding him personally liable for goods and services provided on an oral contract with the plaintiff Eugene Murphy. DeLisa claims that the trial court erred in failing to find that the plaintiff had notice that the contract was with a corporation, the Dell Corporation.[1] The trial court held that the defendant failed to disclose his claimed representative capacity to the plaintiff, and, therefore, the defendant was personally liable for the balance due on the contract.

The law is settled that where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract. *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 279, 141 A.2d 247 (1958); *Caliendo* v. *Catania,* 127 Conn. 66, 70, 14 A.2d 752 (1940); *Frederick Raff Co.* v. *Goeben,* 116 Conn. 83, 85, 163 A. 462 (1932); *Pierce* v. *Johnson,* 34 Conn. 274, 275 (1867); 1 Mechem, A Treatise on the Law of Agency (2d Ed. 1914) § 1410; 2 Restatement (Second), Agency § 322. This proposition recently has been reaffirmed by this court in *Klepp Wood Flooring Corporation* v. *Butterfield,* 176 Conn. 528, 532–33, 409 A.2d 1017 (1979).

Whether the status of the Dell Corporation as principal was undisclosed to Murphy so that he might hold DeLisa personally liable on the contract is a question of fact. *Klepp Wood Flooring Corpo-*

---

[1] This action was originally brought by the plaintiff against the Dell Corporation and Robert J. DeLisa; however, the plaintiff withdrew his action as to the Dell Corporation.

*ration* v. *Butterfield,* supra; *Diamond Match Co.* v. *Crute,* supra; *Frederick Raff Co.* v. *Goeben,* supra. The trial court decided that question of fact in favor of the plaintiff Murphy. It is the function of the trial court to weigh the evidence and judge the credibility of the witnesses. This court cannot find facts. Our role is to decide whether the decision of the trial court is "clearly erroneous in view of the evidence and pleadings in the whole record." Practice Book § 3060D. See *Stelco Industries, Inc.* v. *Cohen,* 182 Conn. 561, 564, 438 A.2d 759 (1980); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We find that the decision of the trial court is not clearly erroneous.

There is no error.