[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a collection action wherein the plaintiff claims the individual defendant Kristos Z. Stavrou is indebted to it and claiming damages. The defendant claims that some or all of the debt is owed by a corporation formed during the course of dealings of the parties and not by the individual defendant.
After the pleadings were closed the plaintiff on October 31, 1990 moved for summary judgment. Both parties filed affidavits and related papers with memoranda. A hearing was held in this court on November 5, 1990 at which both CT Page 4863 parties were heard by counsel.
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. State v. Goggin,208 Conn. 606, 615-16 (1988); see also Connecticut Practice Book section 384.
The parties do not dispute that in November, 1985 the defendant applied for credit with the plaintiff and that, at that time, the defendant operated Stavrou Plumbing as a sole proprietorship. The defendant completed a credit application in which he agreed to be personally responsible. Further, it is not disputed that on August 26, 1986 the defendant formed a corporation known as Stavrou Plumbing, Inc. The plaintiff avers that the defendant has had a "positive balance due" on his account since August 30, 1988. (Plaintiff's Affidavit, paragraph 12).
The defendant argues that the plaintiff was put on notice that the defendant had incorporated and was purchasing plumbing supplies for the corporation. The plaintiff claims that it was not put on notice that the defendant's incorporation was to be responsible for the payment and that the plumbing supplies were sold pursuant to the plaintiff as an individual under the original agreement, notwithstanding his incorporation.
The defendant's claim of notice to the plaintiff rests on three factors not in dispute:
 1. the Invoices and billings were addressed by the plaintiff to "Kris Stavrou d/b/a Stavrou Plumbing, Inc." and
 2. after incorporation of the defendant's business payments were made to plaintiff by corporate checks; and
 3. the defendant after the incorporation of his business provided the plaintiff with his corporation's "corporate tax number. . . for sales tax purposes."
The plaintiff's claim of individual liability rests on the legal theory that no expressed new relationship was created between the parties subsequent to the incorporation and none of the above factors were sufficient in law, even if true, to create an implied new relationship. CT Page 4864
The defendant's claims concerning damages relates to the proper inferences to be drawn from the inclusion of a claim for interest on the invoices sent to and paid by the defendant. The Court finds that a factual dispute exists there because it relates to the intent of the parties and summary judgment on the damages would be inappropriate.
The Court finds from the material properly submitted under oath that no material issue of fact exists however as to the liability aspect of this case. Under authority of section 385 of the Practice Book the Court will bifurcate the issues and consider liability separate from the question of damages on an interlocutory basis.
The defendant first raises the procedural question of whether the failure to use certified or sworn copies of various documents attached to the plaintiff's memorandum should defeat the motion. The short answer to that claim is that the affidavit of Joseph Fatone which is "sworn" provides all the information necessary for the Court's determination of this motion. This Court will not elevate form over function. See Preston v. Connecticut Siting Council, 20 Conn. App. 474,480 (1990).
The Court does not find that paying the existing account with corporate checks relieves the defendant from personal responsibility in this situation. Diamond Match Co. v. Crute, 145 Conn. 277 (1958). No precedent has been cited by the defendant that the corporation name being used as a d/b/a in addressing the invoices to the defendant personally should alter that situation. Nor does the defendant's supplying a new tax number affect the defendant's signed agreement to be personally responsible for the debt created by the purchase of supplies. The defendant does not claim that any new papers were signed or that a new account was started.
Under circumstances present here if the defendant expected a different contractual arrangement he had an obligation to make that clear to the plaintiff so the plaintiff could decide whether or not to accept the new terms and continue the business relationship.
The motion is granted with regard to liability only and the case may proceed as to damages in accordance with law.
LEUBA, J.