[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit by a subcontractor, A. C. Corporation, against a homeowner, defendant Althea Dinan, and the general contractor, H. Chamberlain Sons, Inc. (Chamberlain), for a balance allegedly due in connection with the construction of a home for defendant Dinan in Fairfield.
On March 26, 1990, in response to a motion to strike by CT Page 567 Chamberlain, Judge Jones struck counts five, six, seven and eight of the plaintiff's complaint. These four counts were directed against defendant Chamberlain and claimed a breach of contract on Chamberlain's part, as well as an alleged violation of the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes 42-110a et seq. Chamberlain was described in these counts as the "agent, servant and/or employee" of defendant Dinan.
The basis for the court's ruling was that this defendant had been disclosed as an agent for Dinan, and therefore could not be liable to the plaintiff, who had contracted solely with the principal, Dinan. The CUTPA count was also stricken because of "insufficient allegations."
On May 3, 1990, the plaintiff moved for reargument and Judge Jones confirmed his earlier decision on July 3, 1990.
The plaintiff subsequently amended its complaint on September 13, 1990 and Chamberlain again moved to strike counts five, six and seven of this new complaint on the theory that the allegations thereof were substantially similar to the counts already stricken by Judge Jones. This motion was granted by Judge Katz on May 24, 1991, "in accordance with Judge Jones' previous decisions."
The plaintiff then filed a substituted complaint on July 29, 1991, and defendant Chamberlain has now moved for judgment (#142) on the basis that the plaintiff failed to follow the requirement of Practice Book 157 that after a motion to strike has been granted, the party whose pleading has been stricken has fifteen days in which to file a substitute pleading. Chamberlain also claims that this new complaint makes the same allegations in counts five, six, seven and eight, breach of contract and CUTPA, that were stricken by Judge Jones on two occasions in effect, and then also by Judge Katz. The allegations against Chamberlain again complain that this defendant ordered the plaintiff off the job, and failed to pay the plaintiff the amount or balance due it under the contract with Dinan.
The new complaint does not specifically describe Chamberlain as Dinan's "agent" as in the prior complaints, but does refer to a contract between Dinan as the homeowner, and Chamberlain as the general contractor for Dinan, so it follows that Chamberlain remains an agent for Dinan, and one whose status as an agent was known to the plaintiff. It is clear that a disclosed and known agent cannot be liable to a third party such as the plaintiff unless: (i) the third party does not know that the purported agent is acting for an undisclosed CT Page 568 principal; Klepp Wood Flooring Corp. v. Butterfield, 176 Conn. 528,532-33, 409 A.2d 1017 (1979): or (ii) where an agent commits a tort; Scribner v. O'Brien, Inc., 169 Conn. 389, 404,363 A.2d 160 (1975). Neither of these allegations are directed against Chamberlain in the new substitute complaint.
It follows that the current complaint reiterates the essence of the counts against defendant Chamberlain that were already stricken, and thus judgment for this defendant is warranted.
Another reason for the entry of judgment pursuant to Chamberlain's motion is the untimely filing of the substitute complaint on July 29, 1991, some six weeks after Judge Katz granted the motion to strike, rather than within fifteen days as mandated by Practice Book 157.
The plaintiff claims it never received notice of Judge Katz's decision, but the file reveals the presence of a document entitled "Judicial Information Systems Counsel/Parties Notification Program," which indicates that notice of the court's decision was sent out at 14:27 on "05/24/91." This document justifies a finding that notice of the decision was disseminated for the same reasons referred to in Batory v. Bajor, 22 Conn. App. 4, 8, 575 A.2d 1042. cert. denied,215 Conn. 812, 576 A.2d 541 (1990).
Therefore a judgment in favor of defendant Chamberlain hereby enters for both of the reasons discussed above.
So Ordered.
Dated at Bridgeport, Connecticut, this 24th day of January, 1992.
WILLIAM B. LEWIS, JUDGE