[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Eastern Elevator Company, Inc., brings this action against defendant Steven S. Swiantek as administrator of the estate of his deceased brother, Eugene D. Swiantek, seeking payment for an elevator it installed in a building for which Guilford Builders, Inc. was general contractor. The plaintiff has withdrawn the count of the complaint that alleged that Guilford Builders, Inc. was liable for the services at issue, and the remaining counts allege that Eugene D. Swiantek contracted for the installation of the elevator without disclosing that he was the agent of a corporation known as Guilford Builders, Inc. and that he is therefore personally liable for the balance due. The plaintiff further alleges that it submitted its claim to the CT Page 4770 defendant administrator and that it was disallowed.
The defendant administrator claims as his first special defense that the contract was between the plaintiff and Guilford Builders, Inc. As a second defense, he asserts that Eugene Swiantek acted only as the agent of a known and disclosed principal and was not personally liable.
In reply to the first special defense, the plaintiff asserts that if its contract was with Guilford Builders, Inc., Eugene Swiantek was the sole owner of that entity and that the corporation had no independent existence but was the alter ego of Eugene Swiantek such that he should be held personally liable.
Upon a full trial on the merits, the court finds the facts to be as follows:
Guilford Builders, Inc. was the general contractor on a building project in Guilford known as the Fleischman Building. The general contractor engaged David Cronin, a construction cost estimator, to help calculate costs, formulate a bid, and negotiate with subcontractors to perform the various tasks necessary to complete the building. Cronin contacted Frederick W. Farnsworth, president of the plaintiff Eastern Elevator Co., and asked him to prepare a proposal for the elevator specified in the plans for the building. Cronin identified the general contractor only as "Guilford Builders" without indicating either that its formal name was "Guilford Builders, Inc." or that it was a corporation.
Farnsworth attended a meeting on March 13, 1988 arranged by Cronin and was introduced to Eugene Swiantek. Neither Cronin nor Swiantek mentioned that Swiantek was representing a corporation nor mentioned the name Guilford Builders, Inc. Farnsworth presented Swiantek with a written proposal addressed to "Guilford Builders," and bearing the notation "Attention: Dave Cronin." The proposal begins "Gentlemen: We offer you our bid in the amount of thirty-five thousand, two hundred and three dollars ($35,203.00) to furnish and install one (1) Dover Cimarron 25 Oildraulic Passener [sic] Elevator. . ."
Swiantek objected to the price, and Farnsworth agreed to adjust it to $33,000.00, noting on the written proposal "verbal go ahead at $33,000.00 Gene S. to FWF." At no time during the meeting did Swiantek indicate that he was contracting on behalf of an entity known as Guilford Builders, Inc.
The plaintiff ordered the elevator and continued, in all of its correspondence and internal notes, to designate the purchaser as "Guilford Builders." CT Page 4771
On May 5, 1988, the same day that Farnsworth sent a purchase order to the company that was to furnish the elevator that the plaintiff was to install, he visited the job site. On the construction trailer which he entered that day was a sign that read "Guilford Builders, Inc., General Contracting and Project Management." There was no indication that Farnsworth took any particular notice of the sign or that he noticed the "Inc." that followed the name "Guilford Builders."
After the plaintiff installed the elevator, it received payment in the amount of $20,790.00 via a check dated September 1, 1988, bearing the caption "Guilford Builders, Inc." and signed by Eugene Swiantek without any indication of a corporate title.
Thereafter, representatives of the plaintiff called to ask Swiantek to pay the balance of the bill. He made statements to the effect that he had received full payment on the Fleischman Building but had used it to meet his payroll and would try to pay the plaintiff eventually.
The plaintiff's bookkeeper, Anita Thomas, also made calls seeking payment. Neither in the calls from Farnsworth nor the calls from Thomas did Swiantek or his office staff indicate that the debt was a corporate debt.
The first time anyone directly pointed out to the plaintiff or its representatives that Guilford Builders was a corporation was after Swiantek's death, when Farnsworth spoke to counsel for the estate of Eugene Swiantek. Thereafter, Farnsworth identified the subject of his attempts to collect the $12,410.00 balance due as "Guilford Builders, Inc.", reflecting the information he received from the estate's lawyer to the effect that Guilford Builders was a corporation.
Until after Swiantek's death no one ever advised the plaintiff overtly that the customer was a corporation, and Cronin acknowledges that at the meeting at which the oral contract was entered into he had introduced "Gene" as the customer and had spoken about "Gene" as the general contractor for the Fleischman Building. The evidence established that the corporation known as Guilford Builders, Inc. was incorporated in 1978 with Eugene Swiantek as president and Mary Ann Swiantek as secretary. Mary Ann Swiantek, the widow of Eugene Swiantek, testified that she was unaware she was the corporate secretary, that she had not been present at any corporate meetings, and that she was unaware how much stock was issued or who owned it.
It is well settled that where an agent contracts in his own name without disclosing his representative capacity, the agent is personally liable on the contract. Murphy v. Dell Corporation, CT Page 4772184 Conn. 581, 582 (1981); Klepp Wood Flooring Corp. v. Butterfield, 176 Conn. 528, 532-33 (1979); Diamond Match Co. v. Crute, 145 Conn. 277, 279 (1958); Caliendo v. Catania, 127 Conn. 66,70 (1940); Frederick Raff Co. v. Goeben, 116 Conn. 83, 85
(1932); Pierce v. Johnson, 34 Conn. 274, 275 (1867); 1 Mechan, A Treatise on the Law of Agency (2d Ed. 1914) 1410; 2 Restatement (Second), Agency 322.
Whether the status of a corporation as principal is undisclosed to the party contracting with the alleged agent is a question of fact Murphy v. Dell Corporation, supra, at 582.
The plaintiff's president, Farnsworth, acknowledged that he was aware that Eugene Swiantek was connected with an entity that had been described by Cronan as "Guilford Builders," however at the time Swiantek orally agreed to purchase an elevator for $33,000.00, Farnsworth did not know whether Guilford Builders was a partnership or some other form of business entity, and Swiantek did not reveal this but acted as though he had complete authority to negotiate and agree to the contract.
The party with whom an agent deals is not required to discover or make inquiry to determine whether the person with whom it deals is acting in a representative capacity. Klepp Wood Flooring Corporation v. Butterfield, supra, at 532-33; Diamond Match Co. v. Crute, supra, at 279.
The facts in the case are very similar to those of Diamond Match v. Crute, supra, in which the president of a construction company ordered lumber without revealing that the customer was to be the corporation. In the absence of any protest that the bills were made out to the president rather than to the corporation, the fact that payments to the plaintiff were issued on checks bearing the name of the corporation was held by the Supreme Court,145 Conn. at 178-9, not to constitute sufficient notice to the plaintiff that the materials where the defendant did not protest were purchased on behalf of the corporation.
Similarly, in Raff Co. v. Goeben, 116 Conn. 83, 84-5 (1932) the appearance of a corporate name both on checks and on letterhead was not held to constitute notice of a corporate principal where the supplier believed that the firm's name was a trade name and did not know it to be a corporation.
The defendant relies on some statements in the Supreme Court's decision in Wyandot, Inc. v. Gracey Street Popcorn Co.,208 Conn. 248, 255 (1988) without acknowledging that the context of the statements is quite different from the issue before this court. In the cited case, undisclosed agency was not at issue. Rather, the corporate defendant in that case was clearly the CT Page 4773 plaintiff's customer, and the plaintiff sought to recover against an individual defendant on the basis of 42a-3-403 (2) C.G.S., which provides that a person who signs his own name to an instrument is personally obligated if the instrument fails to name the person represented nor show that the representative signed in a representative capacity.
The fact that the plaintiff knew that there was a business name is not dispositive. In Robert T. Reynolds Associates, Inc. v. Asbeck, 23 Conn. App. 247, 252-3 (1990), as in the case at bar, the plaintiff had some indication that the individual with whom it dealt was acting in some business capacity and addressed bills and correspondence to a business name rather than to the individual. The Appellate Court ruled that the representative must disclose not only that he was acting in a representative capacity, but also "the identity of the principal because the party with whom he deals is not required to discover these facts" and that failure to do so resulted in individual liability for the debt.23 Conn. App. at 253; [emphasis supplied] New England Whalers Hockey Club v. Nair, 1 Conn. App. 680, 683 (1984). See also Connecticut Limousine Services, Inc. v. Powers, 7 Conn. App. 398, 400-2 (1986).
The plaintiff's introduction to Eugene Swiantek, at a meeting which proceeded to the formation of an oral contract on March 18, 1988, did not include any disclosure that the principal represented by Swiantek was a corporation known as Guilford Builders, Inc. Accordingly, having failed to disclose both his status as an agent and the identity of the principal, Eugene Swiantek, and, consequently his estate, became liable for the outstanding balance on the contract, that is, $12,210.00.
Because the court does not find that Guilford Builders, Inc. was disclosed as a principal at the time the contract was entered into, it is not necessary to reach the issue whether the corporate veil should be pierced to find the estate of Eugene Swiantek liable.
Judgment shall enter in favor of the plaintiff against the defendant Steven S. Swiantek as administrator of the estate of Eugene Swiantek, in the amount of $12,210.00.
The plaintiff shall recover its court costs.
BEVERLY J. HODGSON Judge of the Superior Court
The Next Case Begins on Page 4774 CT Page 4774