[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, L. Suzio Concrete Company, Inc., seeks to CT Page 11047 attach the real property of the defendant, Gordon Blaha, to whom it alleges it furnished products in 1987. The defendant takes the position that he contracted for the concrete products at issue not in his personal capacity but as agent for H. P. Hancock, Inc., a corporation which had registered the trade name "Guilford Concrete Products Company" with the Clerk of the Town of Guilford in January 1982.
The plaintiff's salesperson testified that he had never had any knowledge that Blaha was acting as the agent for a corporation. The defendant did not testify, and the only evidence concerning H. P. Hancock, Inc. is the aforementioned registration of the trade name in the Town Clerk's office and the fact that this corporation's name appears on some checks paid to the plaintiff as to the invoices it billed to "Guilford Concrete Products." While those checks (Ex. 4) also contain the name "Guilford Concrete Products Co." (as well as "Division of H. P. Hancock, Inc.") the defendant has not alleged that Guilford Concrete Products was a corporation at the time of the transactions at issue.
It is well settled that where an agent contracts in his own name without disclosing his representative capacity, the agent is personally liable on the contract. Murphy v. Dell Corporation,184 Conn. 581, 582 (1981); Klepp Wood Flooring Corp. v. Butterfield,176 Conn. 528, 532-33 (1979); Diamond Match Co. v. Crute,145 Conn. 277, 279 (1958); Caliendo v. Catania, 127 Conn. 66,70 (1940); Frederick Raff Co. v. Goeben, 116 Conn. 83, 85
(1932); Pierce v. Johnson, 34 Conn. 274, 275 (1867); 1 Mechan, A. Treatise on the Law of Agency (2nd Ed.) 1914 1410; 2 Restatement (Second) Agency 322.
The facts presented in the case before the court are very similar to those of Diamond Match v. Crute, supra, in which the president of a construction company ordered lumber without revealing that the customer was to be the corporation. In the absence of any protest that the bills were made out to the president rather than to the corporation, the fact that payments to the plaintiff were issued on checks bearing the name of the corporation was held by the Supreme Court, 145 Conn. at 178-9, to constitute sufficient notice to the plaintiff that the materials were purchased on behalf of the corporation.
The registration of the trade name "Guilford Concrete Products" did not serve to disclose to the plaintiff that Blaha CT Page 11048 was acting on behalf of the corporation that had registered that trade name. An agent's use of a trade name under which the principal transacts his business is not sufficient identification of the principal to protect the agent from personal liability. New England Whalers Hockey Club v. Nair, 1 Conn. App. 680, 684-5
(1984); 3 C.J.S. Agency 371.
The court does not find that the defendant has established a probability of success on the merits of his defense that the transaction at issue was not a personal debt, but one into which he entered on behalf of an adequately disclosed principal. The plaintiff has established probable cause in the amount $15,700.00, and the court has authorized attachment of defendant's interest in that property to that extent.
Beverly J. Hodgson Judge of the Superior Court