[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a Connecticut corporation brings this three count complaint to recover damages for roofing work performed at the request of the defendant.
The defendant called the president of the plaintiff during the evening of November 10, 1992. The defendant told the president of the plaintiff that he needed help on the job he was completing in Westport. The president of the plaintiff said he would send in someone the next day. The defendant told the president of the plaintiff he represented no one other than himself. The defendant assured the president of the plaintiff that he would be "sitting pretty" with the job.
The next day, the defendant met with Mr. Pierce and agreed the job would be a stock job. The defendant gave Mr. Pierce a billing address, and job name which was 55 Post Road West, in Westport. This was carried on all subsequent billing slips.
The work continued until January 26, 1993. The bills, three in number, all went to PRW Management Co. which was the address given to Mr. Pierce by the defendant. The bills, totalling $30,787.09, were never paid.
Meanwhile the defendant, filed a mechanic's lien, on the land records, claiming $126,000. This was unknown to anyone representing the plaintiff, and was dated January 25, 1993.
The last of the bills was shown to have been received on February 13, 1993. On or about that time, the mortgagee moved to put the property in receivership for lack of payment of property taxes. The defendant advised Mr. Pierce to send the work statement CT Page 5966 to Warwick Associates. This was done forthwith (Ex. A, B C).
The Post Road property was actually owned by a limited partnership — Post Road West Limited Partnership. PRW Management Co. (PRW) was the general partner in the limited partnership. Stuart Longman was the sole stockholder of PRW Management Co. PRW turned over to Mr. Sullivan the task of finishing the job. Sullivan was to be paid $7,000. per week.
When the building was placed in receivership, Sullivan urged the plaintiff to file a mechanic's lien. When it lost the building, PRW filed for bankruptcy. The plaintiff was never paid.
The defendant testified that the sum due to the plaintiff would be paid out of secondary financing — which failed to materialize.
 "It is the duty of an agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose, not only the fact that he is acting in a representative capacity, but also the identity of his principal. The person with whom the agent deals is not bound to inquire whether or not the agent is acting as such. `If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him.' Diamond Match Co. v. Crute, 145 Conn. 277, 279, 141 A.2d 247 (1958)." Antinozzi Associates v. Arch Fracker Plumbing Heating Contractor, Inc., 39 Conn. Sup. 375, 379.
"As agent purporting to act upon his own account, but in fact making a contract on account of undisclosed principal, is a party to the contract." Restatement, 2nd Edition, § 322.
The defendant never disclosed to the president of the plaintiff that he was an employee of a third party. Nor did he state that a third party would be responsible for payment of the bills. Mr. Longman testified he never met anyone from Dahill. There is no evidence that PRW would honor the bills submitted by the plaintiff, nor would Warwick Associates. CT Page 5967
The court finds for the plaintiff on each of the special defenses. "The authority of an agent cannot be proven by the declaration of the agent." E. Paul Kovacs Co. v. Blumgarten,150 Conn. 8, 13.
Judgment may enter for the plaintiff, that it recover the sum of $30,737.09 plus interest in the amount of $3,583.96.
Robert P. Burns, Judge