[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff seeks to recover from the defendant the sum of $8,315.00 representing the balance due for services rendered pursuant to written contract.
The defendant does not question the quality of the work nor the balance, but argues that the party responsible is a corporation, "The Eagle Development Group, Inc.", of which he was an officer.
ISSUE
As the case has been pleaded and tried, the question to be resolved is: with whom did the plaintiff contract?
DISCUSSION
Herman Dostie, president of the plaintiff corporation, testified that he knew the defendant as project manager for other entities before "he went out on his own." It was the defendant CT Page 8777 who called him to have the plaintiff do the work for which payment is now sought. The business card the defendant gave Mr. Dostie before work started on one of the jobs refers to "The Eagle Group" and bears the defendant's name. There is no mention of a title nor of a corporation. The account set up by the plaintiff for charges was in the name of "The Eagle Group" and "Rick Burke". Mr. Dostie also stated that when he spoke to Mr. Burke about the balance on the account he responded that he would take care of it. This conversation was repeated "many times". The Court, finds it significant that the defendant testified that he never told the plaintiff or Mr. Dostie of the existence of the corporation nor that he was acting as an officer of the corporation.
When he was asked why he did not protect his claim and file a mechanic's lien to cover the balance in question, Mr. Dostie responded that "he trusted Rick" (the defendant) and relied on him. (Query whether this tactic would have succeeded, since the plaintiff's account was not with the corporation but with the defendant. A lien against Rick Burke would not necessarily obligate creditors of the corporation.)
The defendant argues that the work done was for the corporation and he was on notice of this fact because in 1987, he accepted a corporate check for full payment of another corporate job. Therefore, for the two 1989 jobs in question, he should have known of the corporate status.
The weakness of this argument is found in the evidence adduced at trial as to other payments received by the plaintiff. In September 1989, a corporate check for $15,000. was received on the account of "The Eagle Group — Mr. Rick Burke." This account was so opened in November, 1987. On October 23, 1989, a check of "Eagle Development Group" was received, followed by two checks in November from that same entity.
When interpreting contracts, the intention of the parties is to be determined from the language used and in light of all the circumstances involved. Robert S. Weiss Associates v.Wiederlight, 208 Conn. 534 (1988).
When, as is the case here, one is attempting to avoid personal liability on a contract in which he was acting in a corporate capacity, he has a duty to disclose that fact to the party dealt with. Our Supreme Court addressed this issue in CT Page 8778Diamond Match Co. v. Krute, 145 Conn. 277 (1958), when it stated at page 279:
 "`It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another.' . . . If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." Frederick Raff Co v. Goeben, 116 Conn. 83, 85, 163 A. 462; Caliendo v. Catania, 127 Conn. 66, 70, 14 A.2d 752.
The facts in that case were remarkably similar to those in this case, with the defendant relying on the receipt of corporate checks. In rejecting this argument, the Court went on to cite the defendant's failure to bill the corporation instead of himself when the facts revealed the bills were to him individually. As is the case here, the defendant made no protest until suit was brought. Mr. Burke when approached by Mr. Dostie, not only failed to mention the corporation but asserted "he would take care of it."
CONCLUSION
It is therefore the conclusion of the Court that judgment enter for the plaintiff to recover of the defendant the sum of $8,315.00, with legal interest from November 30, 1989, plus taxable costs.
Anthony V. DeMayo State Trial Referee