[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff DeCarlo Doll, Inc. has brought an action based on a letter agreement against Solid Waste Disposal, Inc., of CT and Peter Latella. The plaintiff claims that it has performed all of its obligations and responsibility pursuant to said letter agreement but that the defendants have failed to pay the plaintiff pursuant to the letter agreement and further that the plaintiff is owed the sum of $5,700 pursuant to said letter agreement together with sales tax and interest on said $5,700 as claimed to be due and owing.
Counsel stipulated that judgment may enter in favor of the plaintiff as against the defendant corporation, Solid Waste Disposal, Inc., of CT in the amount of $10,588.32 calculated as follows:
 Amount due pursuant to letter agreement $ 5,700.00 Sales tax 456.00 ---------- Sub-total 6,156.00 Interest at 18% per year from January 1, 1991 to January 1, 1995 4,432.32 ---------- Grand total $10,588.32 ========== CT Page 4086
Accordingly, the court enters judgment in favor of the plaintiff against the corporate defendant, Solid Waste Disposal, Inc. of CT in the amount of $10,588.32.
Counsel further stipulated to the existence and validity of the contract (letter agreement) as contained in the complaint and referenced as Exhibit A thereto. This contract (letter agreement) was prepared by the plaintiff. An examination of the letter agreement indicates that it is addressed to "Solid Waste Disposal, Inc., of CT. The letter agreement concludes "respectfully submitted, DeCarlo Doll, Inc. and is signed by Robert Saley with a typewritten indication under his signature "Robert Saley, Chief of Surveys." A line was also provided on the letter agreement under the words "AGREED AND ACCEPTED" and typed under the line was the word "Name." On the line appears the signature of "Peter Latella" under the date of 3/26/90. Peter Latella admitted in testimony that he signed the letter agreement.
The plaintiff claims that Peter Latella is individually liable under the letter agreement by virtue of his "naked" signature, i.e., failure to sign in a corporate capacity. The defendant, despite the lack of a special defense, denies personal liability under the letter agreement.
Counsel stipulated that the "only issue for the court to decide is whether the individual defendant, Peter Latella, signed in his personal capacity on the contract, whether he is liable on the contract." (T-5)
"The law is settled that where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract." Murphy v. Dell Corporation,184 Conn. 581, 582 (1981); Diamond Match Company v. Crute,145 Conn. 277, 279 (1958). "To avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or make inquiries to discover these facts. Connecticut Limousine Service,Inc. v. Powers, 7 Conn. App. 398, 401.
While it is true that "an agent by making a contract only on behalf of a competent disclosed principal whom he has the power to bind, does not thereby become liable for his non-performance;Behlman v. Universal Travel Agency, Inc., 4 Conn. App. 688, 690
(1985); whether there was a nondisclosure of a competent principal CT Page 4087 so that the plaintiff might hold the defendant personally liable on the contract is a question of fact for the trial court.Connecticut Limousine Service, Inc. v. Powers, supra.
Based on the credible evidence the court finds that Peter M. DeCarlo, Jr. one of the principals in the plaintiff corporation was familiar with the defendant corporation and had dealt with the defendant corporation for many years on many occasions and further was familiar with defendant Peter Latella from many previous business dealings over many years. Peter DeCarlo testified that the plaintiff always contracted with the corporation. He further testified that the corporation was in constant confusion over problems with who was in charge and who would give direction to the plaintiff. Therefore it was the usual practice of plaintiff to obtain the signature of one of the principals for direction in performing its authorized work. (T-11) In essence then Peter DeCarlo testified on behalf of the plaintiff that the purpose of the signature was to obtain a contact man, not for purposes of liability under the contract.
Furthermore the defendant Peter Latella testified that he did not personally guarantee the contract but rather signed it as an officer of the defendant corporation which was his usual practice in signing contracts on behalf of the defendant corporation.
Therefore this court finds that the defendant Peter Latella did not personally guarantee the contract which he signed on behalf of Solid Waste Disposal, Inc. of CT and therefore is not personally liable to the plaintiff.
Judgment may enter in favor of the individual defendant, Peter Latella.
John W. Moran, Judge