[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lori Hopkins d/b/a Hopkins Advertising and Public Relations, Inc. (hereinafter "Hopkins"), has filed a motion for a prejudgment attachment against the defendant, Benjamin Morris (hereinafter "Morris"). The plaintiff claims to have had an agreement with Morris whereby she would provide public relations and advertising services to an arena football team known as the Connecticut Coyotes. She claims she billed Morris for services in the amount of approximately $91,000. He paid $21,000 and she claims the remaining $71,000 is still due and owing by him personally.
Morris admits to signing the contract but claims he signed it as agent for the Coyotes and is not personally liable. he claims that if anyone is responsible for the bills it is Connecticut Arena Football II, LLC (hereinafter "LLC").
He claims that all invoices were sent to "Connecticut Coyotes Redstone Associates, 1035 South Main Street, Cheshire, Connecticut 06410. He testified that all payments to Hopkins were paid by checks drawn on a corporate account with a reference on the check that it was on the account of "Ct. Arena Football II, LLC". Finally, Morris claims that the evidence discloses that he signed the agreement in an agency capacity and not individually.
The parties have agreed that as to the prejudgment remedy, the court need only decide the issue of the personal liability of the defendant. The plaintiff claims since Morris failed to identify LLC as the principal, that negates his claim that he is not individually responsible. Morris claims he signed only as agent for an undisclosed principal, LLC. However, Hopkins points out that the contract was signed on April 19, 1996. LLC was not in existence on that date. it filed a certificate on April 24, 1996 with the Connecticut Secretary of State's Office. It was, therefore, impossible for Morris to sign a contract for an entity that did not legally exist. CT Page 5274
The question is, who should bear the risk of failure to disclose the real party in interest?
"The law is settled that where an agent contracts in his own name, without disclosing his representative capacity, the agent is fully liable on the contract." Murphy v. Dell Corporation,184 Conn. 581, 582 (1981).
In the case of Diamond Match Company v. Crute, 145 Conn. 277
(1958), the plaintiff lumber company supplied building materials used for construction of a group of houses by Henry D. Crute and Associates, Inc. The defendant, Crute, was president and treasurer of the company. Bills were made out to Crute personally. He made payment by corporate checks signed by him as treasurer. At no time prior to suit did Crute, or anyone on his behalf, inform the plaintiff that the materials were ordered for or to be charged to the corporation. Crute contended that payment by corporate checks was sufficient notice to the plaintiff that this was a corporate debt, not a personal obligation of Crute.
The Supreme Court stated, in pertinent part, that:
 "He admitted that he was fully aware that all the invoices and bills were made out to him and yet he made no protest until after financial difficulties arose and the plaintiff had instituted suit . . . It is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such. If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him."
Diamond, supra, p. 279.
The court finds the Diamond case dispositive. Although the facts are not exactly the same in that the plaintiff billed Crute personally, the principle of law controls. If a person claims to be acting only as an agent for another to avoid personal liability, he must disclose not only that he is acting as an CT Page 5275 agent but he must also disclose the principal for whom he is acting. In this case, Morris did not do that. He asks the court to infer from various documents, none of which disclose that he is acting on behalf of LLC, that he was acting only as its agent. The facts and the law require the opposite conclusion.
The court orders a prejudgment remedy in favor of the plaintiff in the amount of $70,000 and also orders Morris to disclose assets sufficient to satisfy the debt.
D. Michael Hurley Judge Trial Referee