[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of a dispute between the plaintiff, Yankee Linen Supply Company, Inc., of Norwalk, and the two defendants, Charles A. Baxter d/b/a Seaman's Inne Restaurant and Pub, and Cab Management, Inc. d/b/a Seaman's Inne Restaurant and Pub (Cab Management). The only issue before this court is whether Baxter, the individual defendant, is personally liable for the debts of Cab Management, the corporate defendant of which Baxter was the president, director and chief stockholder.
The plaintiff filed a ten count "Second Revised Complaint" dated August 24, 1998, alleging breach of contract, unjust enrichment, quantum meruit, promissory estoppel and a violation of General Statutes § 42-110b et seq., the Connecticut Unfair Trade Practices Act (CUTPA), against each defendant. The plaintiff alleges that that it had a written contract dated January 21, 1997, to supply the defendants with linens and uniforms for the two year period between February 1, 1997 and February 1, 1999. Apparently, the defendants refused to pay for said supplies. On December 5, 1997, the plaintiff terminated the contract. The plaintiff contends that the contract provided that if full payment was not made when due, the plaintiff was entitled to past due charges, payment for linens and uniforms purchased for the use of the defendants, the balance of invoices over the remaining months of the contract, attorney's fees and costs of CT Page 1882 collection.
The defendants filed an answer denying the material allegations of the complaint. The case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes § 52-434 (a) and Practice Book § 19-2. The referee conducted a trial and submitted a report pursuant to Practice Book § 19-4. The referee made the following findings of fact: (1) the lessee of the restaurant involved in this controversy was Cab Management; (2) Baxter was the president, a director and the principal shareholder of Cab Management, which operated the restaurant under the trade name of Seaman's Inne Restaurant and Pub; (3) this trade name was not registered with the local municipal clerk in violation of General Statutes §35-1;[1] (4) the contract dated January 21, 1997 was between the plaintiff and "Seaman's Inne Restaurant and Pub;" (5) Baxter signed this contract as "president," but the contract did not refer specifically to Cab Management or to any other corporate entity; (6) the contract was a standard form contract for the plaintiff whose representative filled in the blanks, and it does not indicate or provide that Baxter was personally guaranteeing payment; (7) Baxter intended to sign the contract on behalf of his company, Cab Management; (8) upon signing the contract, Baxter indicated that he was not personally guaranteeing payment of the contract and the plaintiff "acknowledged this statement;" (9) the plaintiff provided linens to the restaurant for about eight months in 1997, and the defendants paid the plaintiff for this service; (10) because the defendants were not making timely payments of its invoices, the plaintiff, on December 1, 1997, notified the defendants that future deliveries of linens were condition on payment at delivery, and later, on the same date, the defendants advised the plaintiff that they were terminating the contract; (11) Cab Management's two reasons for its unilateral termination of the contract, insistence by the plaintiff on payment upon delivery and a claim of shortages in the supply of napkins, did not justify its breach of the contract as the plaintiff was within its right to insist on prompt payment and the claim of shortages was not demonstrated adequately; (12) the plaintiff proved it was entitled to recover $14,571 for the unpaid balance due after August 26, 1997; $5,900 for the remaining 59 weeks of the life of the contract at $100 a week, the minimum weekly order, plus interest at ten percent per year pursuant to General Statutes § 37-3a; and (13) the plaintiff was entitled to reimbursement for approximately $12,000 used to purchase linens that could be used only by the defendants' CT Page 1883 restaurant, $8,933 for attorney's fees, and a per diem of $5.69 from October 12, 1999 to the date of judgment.
The attorney trial referee concluded, on the basis of the above findings of fact, that (1) the plaintiff is entitled to recover because the defendant Cab Management breached the contract in issue; (2) Baxter is not individually or personally liable on the contract; and (3) the plaintiff did not prove its allegation that the defendants violated CUTPA. The attorney trial referee, therefore, recommended, that judgment enter for the plaintiff against Cab Management for $20,471.67 for past due invoices and the balance of payment over the remainder of the contract, plus interest thereon and attorney's fees totaling $32,470.36, plus a per diem of $5.69 beginning on October 12, 1999.
The plaintiff filed objections to the report as authorized by Practice Book § 19-14. ("[a] party may file objections to the acceptance of a report on the ground that conclusions of fact stated in the report were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted.") The objections filed by the plaintiff claim that Baxter is personally liable on the contract. The defendants did not file a motion to correct,[2] exceptions to the report[3] or any objections and hence are deemed to have agreed with the referee's report that judgment should enter for the plaintiff against Cab Management in the amount recommended.
In terms of the standard of review of an attorney trial referee's report, the lack of a motion to correct and exceptions to the report means that the factual findings of the referee must be accepted by this court. "[f]ailure to comply with the rules of practice governing procedures by which a party may challenge the findings of fact and factual conclusions of the attorney referee proves fatal to this claim." Tarka v. Filipovic,45 Conn. App. 46, 54, 694 A.2d 824 (1997).
In any event, "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17]. . . . The factual findings of a [trial referee] on any issue are reversible only if they are CT Page 1884 clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Elgar v. Elgar, 238 Conn. 839, 848-49, 679 A.2d 937
(1996).
As to the objections filed by the plaintiff, it should also be noted that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51. The objections filed by the plaintiff relate to the referee's factual findings with respect to whether or not Baxter is liable to the plaintiff on the contract. The objections filed by the plaintiff cannot be the basis for rejecting these facts because that is not within the purview of a Practice Book § 19-14 objection.
Hence, the only issue left for review is whether there has been an error of law. Tarka v. Filipovic, supra, 45 Conn. App. 53. ("[w]e must evaluate the trial court's adoption of the attorney referee report as it applies the law to the facts"). The court must determine under what circumstances a corporate officer, the defendant Baxter, is liable for the debt of the corporation of which he is the principal officer. A basic principal of agency law is that the failure of an agent to disclose that he is acting for a principal makes the agent liable for a debt owed a third party. See Rich-Taubman Associates v. Commissioner of RevenueServices, 236 Conn. 613, 619, 674 A.2d 805 (1996); Klepp WoodFlooring Corporation v. Butterfield, 176 Conn. 528, 532,409 A.2d 1017 (1979). It is also axiomatic that one asserting an agency relationship has the burden of proving such agency. New EnglandWhalers Hockey Club v. Hair, 1 Conn. App. 680, 683, 474 A.2d 810
(1984).
The referee's recommendation that Baxter not be held personally liable is based on his factual findings that the plaintiff accepted Baxter's disclaimer of personal responsibility at the time he signed the contract and that the plaintiff had actual CT Page 1885 knowledge that Baxter was signing the contract on behalf of a corporate entity. Thus the issue, as framed by the plaintiff itself, is whether Baxter, as an agent, failed to disclose the principal for whom he was acting. The referee found as a fact that the plaintiff knew that Baxter was acting for the corporate defendant, Cab Management.[4] This is a factual finding that cannot be disturbed by the reviewing court. See Meadows v.Higgins, 249 Conn. 155, 171-72, 733 A.2d 172 (1999) (whether one is as contractor or a subcontractor is a question of fact to be determined by the trier of fact). See also TDS Painting Restoration, Inc. v. Copper Beach Farm, Inc. 45 Conn. App. 743,750, 699 A.2d 173, cert. denied, 243 Conn. 908, 701 A.2d 338
(1997) (whether a lease is commercial or residential in nature was also a matter of fact for the fact finder to decide).
Furthermore, in a case bearing definite similarities to the present case, the Appellate Court in Robert T. ReynoldsAssociates v. Asbeck, 23 Conn. App. 247, 253-54, 580 A.2d 533
(1990), noted that: "whether there was a nondisclosure of a competent principal so that the plaintiff might hold the defendant personally liable on the contract is a question of fact for the trial court." In that case, the court held that the individual officer of a corporation, J. J. Asbeck, was personally liable on a contract because this individual did not disclose either that he was acting as an agent or the identity of the purported principal.
In the present action, the trier of fact determined that Baxter did disclose that he was acting for a corporation, that he was not to be considered personally liable for the debt, and that the plaintiff was "actually — not just constructively — on notice" that Baxter was not incurring personal liability by signing the contract in question. In Reynolds the court specifically determined that there was mutual assent, "a meeting of the minds to form a contract" between the plaintiff and the named individual defendant. Id., 250. In the present action, on the other hand, the referee found specifically that there was a "meeting of the minds" between the plaintiff and Baxter that Baxter was signing the contract with the plaintiff only in a representative capacity. Since the determination of whether there was a meeting of the minds is a question of fact; Id., 253-4; this court is not authorized to substitute its findings for those of the trier of fact, the attorney trial referee. Elgar v. Elgar,
supra, 238 Conn. 848. CT Page 1886
Moreover, the issue of personal liability also involves the intent of the contracting parties. The referee found that the parties did not intend to make Baxter personally liable to the plaintiff. The intent of parties to a contract involves a factual finding within the province of the referee. See Issler v. Issler,250 Conn. 226, 235, 757 A.2d 383 (1999).
These factors lead the court to conclude that the referee's recommendation that the individual defendant, Baxter, not be held personally liable to the plaintiff follows legally and logically from the facts found by the referee. The recommendation of the attorney trial referee that judgment enter in favor of the plaintiff is accepted. Judgment may enter only against the corporate defendant, Cab Management, for $32,470.36, plus a per diem of $682.80, for a grand total of $33,153.16. Costs are to be taxed in favor of the plaintiff by the chief clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of February, 2000.
William B. Lewis, Judge